COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judge Willis and
         Senior Judge Overton
Argued at Alexandria, Virginia


BRISTOL CITY FIRE DEPARTMENT AND
 VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION
                                        OPINION BY
v.   Record No. 1537-00-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                      MARCH 13, 2001
ROY CARROLL MAINE


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Ralph L. Whitt, Jr. (Michael P. Del Bueno;
            Williams, Lynch & Whitt, P.C.; Whitt &
            Associates, on briefs), for appellants.

            Michael A. Kernbach (Jack T. Burgess &
            Associates, P.C., on brief), for appellee.


     Bristol City Fire Department ("employer") contends the

Workers' Compensation Commission ("commission") erred in

awarding temporary total and medical benefits to Roy Carroll

Maine ("claimant"). On appeal, employer argues that it rebutted

the presumption afforded by Code § 65.2-402 and that claimant

failed to present evidence sufficient to prove that his heart

disease arose out of and in the course of his employment. For

the following reasons, we affirm the commission's decision to

award benefits to claimant.

## I.  BACKGROUND

"On appeal, we view the evidence in the light most favorable to the claimant, who prevailed before the commission." Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 672, 508 S.E.2d 335, 340 (1998) (citations omitted).  "'Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court.'"  Id. (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991)).  "'The fact that there is contrary evidence in the record is of no consequence.'"  Id. (quoting Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)).

Claimant began work as a firefighter for employer in 1971. He was not given a pre-employment physical; however, the results of all later physicals done prior to his heart attack were within normal limits.  Claimant described his employment history and the stressful situations he experienced as a firefighter.[1] He described a variety of additional jobs he held during his employment as a firefighter in which he also experienced stressful situations.  During the time period of September

---

[1] His duties included fighting fires, running the pumps, public education, cleaning the station, working without the aid of a respirator or with ineffective respirators, and exposure to smoke and fumes as well as tobacco smoke in the station.  He also described emotionally stressful situations involving death, fatal burns, and dismembered or crushed victims.

-

27-30, 1996 claimant suffered a heart attack.[2]  He was treated by Dr. Mark A. Borsch, who performed two separate angioplasties. Dr. Borsch released claimant to return to full duty employment on March 31, 1997.  The parties stipulated that claimant:  (1) was entitled to claim the presumption afforded by Code § 65.2-402; (2) was employed with Bristol City Fire Department at all times relevant to this case; (3) suffered a heart attack; and (4) was disabled for the period claimed.  After considering additional medical evidence and claimant's testimony, the commission found, "we are not persuaded that the claimant's family history and cholesterol levels were the causes of his heart disease, and find that the employer has failed to establish the second prong of the Bass test."  Employer timely appealed that decision.

---

[2] This case has been delayed for several reasons.  A decision was rendered by the deputy commissioner on October 14, 1997 awarding benefits to the claimant prior to the Supreme Court's decision in Augusta County Sheriff's Department v. Overbey, 254 Va. 522, 492 S.E.2d 631 (1997).  The deputy commissioner's opinion was appealed to the commission, which remanded the case for application of the standard set forth in Overbey.  The deputy commissioner filed a new opinion on November 23, 1998.  That decision was appealed to the commission.  Pending that appeal, the Supreme Court clarified Overbey in Bass v. City of Richmond Police Department, 258 Va. 103, 515 S.E.2d 557 (1999).  The commission applied Bass in their opinion of May 31, 2000.  That opinion is the basis of this appeal.

## II.  MEDICAL TESTIMONY

### A.  Dr. Mark A. Borsch

Dr. Borsch became claimant's treating physician when he was admitted to the hospital on September 30, 1996.  His admittance note states that prior to this episode, claimant was in good health.  Dr. Borsch noted a positive family history as a primary risk factor for heart disease.  In response to a questionnaire sent by claimant's attorney, Dr. Borsch stated that family history and low density lipoproteins (LDL) greater than 100 despite diet were claimant's risk factors of heart disease.  When asked if he could exclude occupational stress and exposure to toxic fumes as additional risk factors, Dr. Borsch said he could not exclude them because he "did not know of any good evidence one way or the other."  In a later letter to claimant's attorney, dated July 28, 1997, Dr. Borsch clarified his position on claimant's risk factors and the development of his heart disease.  "It is my opinion that his [claimant's] major risk factors for the development of heart disease would include, primarily, a positive family history, and a low density lipoprotein at greater than 100 despite diet therapy.  I do need to make clear that, while I am not personally aware of any good evidence pro or con, I cannot specifically exclude occupational stress or exposures to toxic fumes as possible contributing factors in his disease."

-

B.  Dr. Richard A. Schwartz

Claimant's counsel sent claimant for evaluation by Dr. Schwartz.  Dr. Schwartz examined claimant and reviewed his medical records.  In his July 3, 1997 report, he concluded that:

> Mr. Maine was essentially free of the traditional cardiovascular risk factors at the time of his heart attack.  I am referring specifically to hypertension, hypercholesterolemia and cigarette smoking.  He had as indicated an occupational risk factor.  There is also a borderline family history in that his father sustained his first myocardial infarction at age 57.  By history and the medical records he was free of manifest disease through most of his employment.
>
> As we have discussed previously, cardiovascular risk factors are correlative and not causative.  Occupational stress, as in firefighting and law enforcement, is a risk factor.  Further risk cannot be apportioned among the various risk factors that my [sic] exist in a given individual.  At this point in knowledge, exposure to toxic fumes would be aggravating but not a risk factor for the development of cardiovascular disease.

On August 17, 1997, responding to claimant's attorney after reviewing medical reports from employer's expert witnesses, Dr. Schwartz discounted the family history and LDL cholesterol profile as risk factors.  Addressing the role of stress in the development of heart disease, Dr. Schwartz opines:

> Turning to the issue of stress and its etiologic role in coronary artery disease, I would cite my previous reports and testimony in these matters.  Rather than fatigue the Deputy Commissioner with my comments, I have

-

enclosed a bibliography and reprints that
the commission may peruse as it sees fit.

Attached to that letter were several studies supporting the

increase in risk for the development of heart disease in

employees with low job control, job strain and Type A behavior.[3]

C. Dr. Michael L. Hess and Dr. Stuart F. Seides

Employer sent claimant's available medical records to Drs.

Seides and Hess for review and evaluation. Both Dr. Seides and

Dr. Hess opined that job stress was not a risk factor in the

development of heart disease in firefighters. Dr. Hess stated:

> There is actually evidence in the literature
> that firemen do not have an increased
> incidence of coronary artery disease. They
> may argue the stress of being a fireman in
> addition to the occupational exposure of a
> firefighter may predispose to coronary
> artery disease but again there is no
> evidence to support this contention. . . .
> There is absolutely no objective evidence
> that stress does contribute to the
> development of his coronary artery disease
> whether it be in [sic] profession of being a
> firefighter or any other profession. The
> development of coronary artery disease is
> due to the interaction of
> hypercholesterolemia and his positive family
> history.

---

[3] Employer also asserts that the commission erred in
considering these studies relied on by Dr. Schwartz because they
were not properly in the record. Dr. Schwartz's report refers to
various statistical and analytical documents attached to his
report as the basis for his opinions that job stress may be a risk
factor in developing heart disease. We find no merit in
employer's argument, as employer cites no authority for this
position.

Dr. Seides agreed:

> Mr. Maine has coronary atherosclerosis with
> obstructive coronary artery disease and a
> documented myocardial infarction.  The cause
> of this condition is a progressive build-up
> of cholesterol-containing atherosclerotic
> plaque in the coronary arteries which
> surround the heart and provide the heart
> muscle with blood.  Coronary atherosclerosis
> is a multifactorial disease, in which a
> number of risk factors may play a role in
> accelerating the deposition of plaque
> material in constitutionally susceptible
> individuals. . . . His employment as a
> firefighter had nothing whatsoever to do
> with the genesis of either his underlying
> coronary atherosclerosis or his myocardial
> infarction.  Any attempt to associate his
> occupation and his disease is without
> scientific merit.

Drs. Hess and Seides concluded that occupational stress was not a factor in the development of claimant's heart disease.

### III.  ANALYSIS

Employer contends the commission erred in finding that it failed to rebut the presumption of Code § 65.2-402 and in crediting the medical opinions of claimant's doctors over those provided by employer.  We disagree.

The commission relied on Bass v. City of Richmond Police Department, 258 Va. 103, 515 S.E.2d 557 (1999).  Bass clarified the decision in Augusta County Sheriff's Department v. Overbey, 254 Va. 522, 492 S.E.2d 631 (1997), and set out a two-prong test employers must meet to overcome the presumption of Code § 65.2-402.  "To overcome the presumption the employer must show, by a preponderance of the evidence, both that 1) the

-

claimant's disease was not caused by his employment, and 2) there was a non-work related cause of the disease." Bass, 258 Va. at 112-13, 515 S.E.2d at 561-62 (emphasis added). The commission found that employer failed to meet the second prong of the Bass test.

> Regarding this prong, both the claimant's treating physician, Dr. Borsch, and the employer's expert, Dr. Hess, identified non-work related causes of the claimant's heart disease. Dr. Seides, while identifying some risk factors, failed to specifically state that these risk factors caused the claimant's disease. On the other hand, Dr. Schwartz excluded both family history and elevated cholesterol as risk factors. Admittedly, Dr. Schwartz speaks in terms of statistical correlates vice [sic] causative factors. Thus, a positive identification by Dr. Schwartz of a risk factor may not constitute persuasive evidence of a cause of a disease. The converse, however, is not true. No physician has identified a cause of the claimant's disease without first finding the causative factor to be a risk factor. Accordingly, Dr. Schwartz' opinion that family history and cholesterol are not risk factors constitutes evidence that these factors are not causes of the disease.

> In weighing the opinion of Dr. Schwartz against those of Drs. Borsch and Hess, we note that Dr. Hess referred to the claimant's father having suffered a heart attack "in his early 50's." The evidence, on the contrary, establishes that this heart attack did not occur until age 57, which, according to Dr. Schwartz, renders the claimant's family history insignificant. Dr. Borsch, similarly, merely sets forth conclusory statements regarding the claimant's family history, and failed to disclose the facts leading to his conclusions. Regarding the role of

-

cholesterol, Dr. Schwartz again gives a
detailed analysis, based upon guidelines
promulgated by the National Cholesterol
Education Program, explaining why he did not
find the claimant's medical history to be
significant.  By contrast, Drs. Hess and
Borsch give conclusory opinions, with little
analysis.  As set forth above, Dr. Seides
gave no opinion regarding non-work related
causes of the claimant's heart disease but
merely listed some risk factors.  On
balance, we are not persuaded that the
claimant's family history and cholesterol
levels were the causes of his heart disease,
and find that the employer has failed to
establish the second prong of the Bass test.

Credible evidence supports the commission's finding that

the employer failed to establish a non-work related cause of

claimant's heart disease.  The medical opinions of Drs. Hess and

Seides simply attempt to discount the presumption of Code

§ 65.2-402, rather than evaluating whether work was a cause or

risk factor of the heart disease.  We have recently held "that

because of the legislatively created presumption to the

contrary, Dr. Hess' and Dr. Seides' opinions regarding the

relationship between occupational stress and heart disease were

of no probative value to the issues in these cases."  Medlin v.

County of Henrico Police, ___ Va. App. ___, ___, ___ S.E.2d ___,

___ (2001).

Testimony which merely refutes the premise
of such a legislatively enacted presumption
does not constitute proper evidence in
rebuttal.  Where the General Assembly has
concluded that there is a causal link
between stress and heart disease, it is not
for the commission or the courts to

-

> reconsider the issue, for to do so would
> defeat the intentions of the legislature.

Id. at ___, ___ S.E.2d at ___.  Therefore, the commission did

not err in giving greater weight to the medical opinion of Dr.

Schwartz.  He addressed claimant's situation specifically and

opined that his family history and cholesterol levels were not

risk factors in the development of his heart disease.  The

commission, as fact finder, reviewed and rejected the other

opinions in accordance with our recent decision in Medlin.

"Evidence that merely rebuts generally the underlying premise of

the statute, which establishes a causal link between stress and

heart disease, is not probative evidence for purposes of

overcoming the presumption."  Id. at ___, ___ S.E.2d at ___.

    We find sufficient evidence exists in the record to support

the commission's finding that claimant is entitled to benefits

under Code § 65.2-402 and affirm the decision.

                                            Affirmed.

-