COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Clements
Argued at Alexandria, Virginia


JOHN B. PATTON, JR.
                                        OPINION BY
v.   Record No. 1055-00-4       JUDGE JEAN HARRISON CLEMENTS
                                        AUGUST 28, 2001
LOUDOUN COUNTY BOARD OF SUPERVISORS


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Michael A. Kernbach (Jack T. Burgess &
            Associates, P.C., on brief), for appellant.

            Susan A. Evans (Jimese Pendergraft Sherrill;
            Siciliano, Ellis, Dyer & Boccarosse, on
            brief), for appellee.


        John B. Patton, Jr., contends the Workers' Compensation

Commission erred in ruling that his employer, the Loudoun County

Board of Supervisors, presented sufficient competent evidence to

rebut the presumption under Code § 65.2-402(B) that his heart

disease was an occupational disease suffered in the line of

duty.  We agree and reverse and remand this case.

        As a preliminary matter, Patton contends the commission

exceeded the scope of the Supreme Court's remand order[1] and

violated the law of the case by reaching a different conclusion

on remand.  We disagree.  The Supreme Court specifically ordered

_____

        [1] Technically, the remand order was ours.  The Supreme
Court, after reversing our earlier judgment in this matter,
remanded the case to us for remand to the commission.

that the case be remanded to the commission "to reconsider the evidence presented in accordance with the principles expressed in" the Supreme Court's opinion in Bass v. City of Richmond Police Department, 258 Va. 103, 515 S.E.2d 557 (1999). The commission did exactly that. It reevaluated the evidence, applying the correct legal standards expressly set forth in Bass, and reached a decision contrary to its earlier decision. We conclude, upon our review of the record, that the commission, in reassessing the evidence and making appropriate findings of fact in accordance with the directive of the Supreme Court, did not exceed the Supreme Court's mandate or violate the law of the case.

Patton further contends the commission improperly concluded that his employer presented sufficient evidence to overcome the occupational disease presumption established in Code § 65.2-402(B) of the Workers' Compensation Act.

Code § 65.2-402(B) provides, in relevant part:

> Hypertension or heart disease causing the death of, or any health condition or impairment resulting in total or partial disability of . . . salaried or volunteer firefighters [and] . . . sheriffs and deputy sheriffs . . . shall be presumed to be occupational diseases, suffered in the line of duty, that are covered by this title unless such presumption is overcome by a preponderance of competent evidence to the contrary.

In order to rebut the presumption established by Code § 65.2-402(B), "the employer must show, by a preponderance of

-

the evidence, both that (1) the claimant's disease was not caused by his employment, and (2) there was a non-work-related cause of the disease."  Bass, 258 Va. at 114, 515 S.E.2d at 562-63.  Hence, "if the employer does not prove by a preponderance of the evidence both parts of this two-part test, the employer has failed to overcome the statutory presumption."  Id. at 114, 515 S.E.2d at 562.

Here, the evidence established that Patton worked continuously for Loudoun County since the age of eighteen, the first five years as a firefighter and then as a deputy sheriff. In 1994, at the age of thirty-eight, he suffered an inferior myocardial infarction while investigating a criminal matter.

According to Dr. Carey M. Marder, Patton's treating cardiologist, the cause of the heart attack "was a thrombus in the right coronary artery."  He added:

> How much of this is related to the stress of
> a 2nd Lieutenant's job is difficult to say
> . . . .  Stress as an independent risk
> factor is very difficult to quantitate.
> Certainly, however, I would consider John to
> have been in a considerably higher risk due
> to his other cardiac risk factors.

Dr. Stuart F. Seides, a cardiologist who, at the request of Patton's employer, examined Patton and reviewed some of his medical records, noted that Patton was found shortly after the heart attack to have "multi-vessel coronary atherosclerosis with critical obstruction of the 'culprit' right coronary artery."

-

Dr. Seides further noted that Patton's "symptom onset did occur in the setting of his patrol duties," but added that

> it is highly likely that the myocardial infarction would have occurred in or around the same time frame regardless of his activities. Although "stress" is often considered to be an important trigger for myocardial infarction, most infarcts occur in the absence of an identifiable environmental event and in those cases where there is an apparent association, it may be simple coincidence. What is most important is the presence of the underlying substraight of atherosclerosis which is a multifactorial process developing over a period of many years in the setting of the risk factors outlined in this case. The relationship of occupation to the development of atherosclerosis is virtually nil.

Dr. Richard A. Schwartz, who, at Patton's request, examined Patton, obtained a history from him and reviewed some of his medical records, noted, in addressing Patton's coronary artery disease, that, "[i]n this patient, occupational stress, hypertension, and possibly diabetes are identifiable factors." He continued:

> Occupational stress is one of the risk factors. It cannot be excluded with respect to this patient. There are no congenital or genetic causes that can be identified either.

> In summary, then Mr. Patton has coronary artery disease that developed in the course of his employment. This is a multifactorial process and multiple factors were present in this patient. None can be specifically implicated or excluded.

-

Upon reviewing the evidence on remand, the commission ruled as follows:

> In the present matter, we conclude that the employer has rebutted the Code § 65.2-402 presumption. Admittedly, the claimant's job was undeniably stressful. The medical evidence, however, establishes non-work related causes of the claimant's heart disease, and establishes that the claimant's disease was not caused by his employment. Specifically, Dr. Seides opined that the claimant's "relatively advanced coronary atherosclerosis [was] caused by the multiple aforementioned factors" including diabetes mellitus, hypercholesterolemia, a family history of premature coronary disease, and a history of cigarette smoking. Dr. Seides also opined that the "relationship of occupation to the development of atherosclerosis is virtually nil."
>
> *        *        *        *        *        *        *
>
> We have carefully considered the fact that Dr. Seides is not a treating physician, and that he was not aware of the details of the claimant's stressful job environment. Nevertheless, his is the only physician to have expressed a definite opinion of the cause of the claimant's heart disease. His opinion is logical in light of the numerous non-work related factors acknowledged by the other physicians. Accordingly, we conclude that the employer has established by a preponderance of the evidence non-work related causes of the disease, and that work was not a cause of the disease.

However, subsequent to the commission's reconsideration of the evidence in this case on remand, we held as follows:

> Code § 65.2-402 "has long been recognized as a remedial statute, enacted by the legislature to overcome the difficulty that a [police officer] would otherwise have

-

in proving causation."  In enacting the statute, "[t]he legislature knew that the causes of . . . cardiac diseases are unknown and that the medical community is split regarding the impact of stress and work environment on these diseases."  By enacting the statutory presumption, the General Assembly resolved the split in medical opinions in favor of the employee and adopted the presumption that the stress of working as a law enforcement officer causes or contributes to the development of heart disease.  Testimony which merely refutes the premise of such a legislatively enacted presumption does not constitute proper evidence in rebuttal.  Where the General Assembly has concluded that there is a causal link between stress and heart disease, it is not for the commission or the courts to reconsider the issue, for to do so would defeat the intentions of the legislature.  It thus follows that, "[i]t is impermissible for the [commission] to accept the opinion of a physician so disposed as the basis for disallowing a claim." . . . We, accordingly, hold that evidence that merely rebuts generally the underlying premise of the statute, which establishes a causal link between stress and heart disease, is not probative evidence for purposes of overcoming the presumption.

Medlin v. County of Henrico Police, 34 Va. App. 396, 406-07, 542 S.E.2d 32, 38-39 (2001) (alterations in original) (citations omitted).

We recently applied our holding in Medlin to Dr. Seides' medical opinion in Bristol City Fire Dep't and Virginia Mun. Group Self-Ins. Ass'n v. Maine, 35 Va. App. 109, 542 S.E.2d 822 (2001).  In that case, Dr. Seides opined regarding the claimant firefighter's heart disease as follows:

-

> Mr. Maine has coronary atherosclerosis
> with obstructive coronary artery disease and
> a documented myocardial infarction. The
> cause of the condition is a progressive
> build-up of cholesterol-containing
> atherosclerotic plaque in the coronary
> arteries which surround the heart and
> provide the heart muscle with blood.
> Coronary atherosclerosis is a multifactorial
> disease, in which a number of risk factors
> may play a role in accelerating the
> deposition of plaque material in
> constitutionally susceptible individuals.
> . . . His employment as a firefighter had
> nothing whatsoever to do with the genesis of
> either his underlying coronary
> atherosclerosis or his myocardial
> infarction. Any attempt to associate his
> occupation and his disease is without
> scientific merit.

Id. at 115, 542 S.E.2d at 825. We concluded that, under Medlin, Dr. Seides' opinion did not constitute probative evidence for purposes of rebutting the presumption of Code § 65.2-402 because it "simply attempt[ed] to discount the presumption of Code § 65.2-402, rather than evaluat[e] whether work was a cause or risk factor of the heart disease." Id. at 117, 542 S.E.2d at 826.

In this case, the commission relied wholly upon Dr. Seides' medical opinion that the "relationship of occupation to the development of atherosclerosis is virtually nil" to conclude that Patton's heart disease was not caused by his employment. That opinion, however, like Dr. Seides' opinion in Maine, merely rebuts generally the underlying premise of Code § 65.2-402(B), which establishes the presumptive causal link between

-

occupational stress and heart disease.  Accordingly, Dr. Seides'
opinion that the "relationship of occupation to the development
of atherosclerosis is virtually nil" is not probative evidence
for purposes of overcoming the presumption of Code § 65.2-402,
and the commission erred in relying on it.

Disregarding that evidence, we cannot conclude that the
employer has rebutted the presumption.  Hence, we reverse the
commission's decision and remand this case "to the commission to
determine whether the employer has sufficiently rebutted the
presumption in light of the remaining probative evidence."
Medlin, 34 Va. App. at 408, 542 S.E.2d at 39.

Reversed and remanded.

-

Willis, J., dissenting.

The commission's factual findings, if supported by credible evidence, are binding.  Jules Hairstylists, Inc. v. Galanes, 1 Va. App. 64, 334 S.E.2d 592 (1985).

Dr. Stuart Seides, a cardiologist, after reviewing Patton's medical records and examining him, reported, in pertinent part:

> Mr. Patton has multiple risk factors for the development of coronary heart disease.  He has documented hypertension, non-insulin dependent diabetes mellitus, hypercholesterolemia, a family history of premature coronary heart disease . . . , and previous tobacco abuse . . . .  [H]e was found to have multi-vessel coronary atherosclerosis with critical obstruction of the "culprit" right coronary artery . . . , but also well developed atherosclerotic placquing in the left anterior descending and left circumflex systems. . . . Mr. Patton had relatively advanced coronary atherosclerosis caused by the multiple aforementioned factors. . . . [I]t is highly likely that the myocardial infarction would have occurred in or around the same time frame regardless of his activities. Although "stress" is often considered to be an important trigger for myocardial infarction, most infarcts occur in the absence of an identifiable environmental event and in those cases where there is an apparent association, it may be simple coincidence.  What is most important is the presence of the underlying substraight [sic] of atherosclerosis which is a multifactorial process developing over a period of many years in the setting of the risk factors outlined in this case.  The relationship of occupation to the development of atherosclerosis is virtually nil.

-

The commission held:

> We have carefully considered the fact that
> Dr. Seides is not a treating physician, and
> that he was not aware of the details of
> [Patton's] stressful job environment.
> Nevertheless, he is the only physician to
> have expressed a definite opinion of the
> cause of [Patton's] heart disease.  His
> opinion is logical in light of the numerous
> non-work related factors acknowledged by the
> other physicians.  Accordingly, we conclude
> that the employer has established by a
> preponderance of the evidence non-work
> related causes of the disease, and that work
> was not a cause of the disease.

This factual finding is supported by Dr. Seides' report.  As it was entitled to do, the commission believed Dr. Seides and gave his findings and conclusions preponderating evidentiary weight. The issue on appeal is whether those findings and conclusions, so weighed, are sufficient to rebut the presumption set forth in Code § 65.2-402.

The majority relies on Medlin v. County of Henrico Police, 34 Va. App. 396, 542 S.E.2d 32 (2001).  In Medlin, we said:

> We, accordingly, hold that evidence that
> merely rebuts generally the underlying
> premise of the statute, which establishes a
> causal link between stress and heart
> disease, is not probative evidence for
> purposes of overcoming the presumption.

Id. at 407, 542 S.E.2d at 39 (emphasis added).

Dr. Seides' salient findings and conclusions may be stated thus:

-

(1) Patton's coronary disease was caused exclusively by his multi-vessel coronary atherosclerosis and did not derive from any other cause.

(2) Patton's atherosclerosis did not derive from his employment.

(3) Patton's atherosclerosis derived altogether from the non-employment-related factors described in Dr. Seides' report.

In my view, Dr. Seides' report was not merely a general rebuttal of the statutory presumption, but was, rather, a specific attribution of Patton's coronary disease exclusively to non-employment-related factors, satisfying the holding in Medlin and sufficiently supporting the commission's decision.

I would affirm the judgment of the commission.