COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Annunziata and Agee
Argued at Alexandria, Virginia


HENRICO COUNTY DIVISION OF FIRE
                                          OPINION BY
v.    Record No. 1254-02-4          JUDGE G. STEVEN AGEE
                                        DECEMBER 3, 2002
ESTATE OF WILLIAM A. WOODY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Ralph L. Whitt, Jr. (Michael P. Del Bueno;
            Whitt & Associates, on briefs), for
            appellant.

            Michael A. Kernbach (Burgess, Kernbach &
            Perigard, on brief), for appellee.


        The Henrico County Division of Fire ("the employer")

appeals a decision of the Workers' Compensation Commission ("the

commission") awarding benefits to the statutory beneficiaries

("the claimants") of William A. Woody ("Woody").  The employer

alleges the commission misapplied the legal precedent

implementing the statutory presumption of Code § 65.2-402 in

finding Woody's respiratory disease was caused by his work as a

firefighter and was thus a compensable occupational disease.  We

agree with the employer and reverse and remand the commission's

decision.

I.   BACKGROUND

Woody served as a volunteer firefighter from age 15 until he became a full-time paid firefighter in 1972 and continuing until his death.  He smoked an average of three-quarters of a pack of cigarettes a day from age 18 until approximately 1994 when he was diagnosed with squamous cell carcinoma (lung cancer).  Woody died on September 4, 1996, survived by his wife and daughter, the two statutory beneficiaries under Code § 65.2-515, who are the claimants.

A.   Procedural History

Woody filed a claim for benefits on November 27, 1995, alleging his respiratory disease as an occupational disease which was contested by the employer.  A deputy commissioner denied the claim but upon appeal, the full commission remanded the matter for further consideration under Augusta County Sheriff's Dep't v. Overbey, 254 Va. 522, 492 S.E.2d 631 (1997).

On remand the deputy commissioner issued a second opinion which again found that the employer's evidence overcame the statutory presumption under the standards set forth in Bass v. City of Richmond, 258 Va. 103, 515 S.E.2d 557 (1999), and that the claimants then failed to carry their burden of proof by clear and convincing evidence.  On appeal the commission reversed the deputy commissioner in a June 22, 2001 opinion

citing <u>Medlin v. County of Henrico Police</u>, 34 Va. App. 396, 542

S.E.2d 33 (2001) ("<u>Medlin I</u>").[1]

The employer now appeals to this Court.

### B. Medical Evidence

The deputy commissioner received abundant medical evidence

from treating physicians and experts with a variety of medical

specialties.

For purposes of resolving the issue on appeal, it is

sufficient to recite that all the physician experts agreed

Woody's cigarette smoking was a cause of his lung cancer.  The

employer's experts, for various reasons, opined Woody's work as

a firefighter did not cause his lung cancer.  The claimants'

experts, other than Dr. Susan M. Daum, only opined that they

could not exclude Woody's work-related exposure to toxins as a

cause of the disease.  Dr. Daum explicitly opined Woody's

occupational exposure was a cause of his lung cancer.  No

evidence in the record established the quantity of Woody's

exposure to possible disease-causing substances or fixed the

toxicity of any exposure.

_____

[1] The matter was again remanded to the deputy commissioner
"for a determination of the benefits to be awarded and the entry
of an appropriate award."  The deputy commissioner issued an
opinion entering an award to the claimants which the commission
affirmed on appeal by an opinion dated April 16, 2002.  It is
this last opinion which is directly on appeal here, but as it
simply affirms the deputy commissioner's award calculation, the
basis at law is the commission's June 22, 2001 opinion.

In summary, the evidence was in conflict as to whether Woody's possible exposure to hazardous substances as a firefighter was a cause of his lung cancer.

## II.  ANALYSIS

This case continues a long line of decisions dealing with the application of the presumption as to death or disability from certain diseases in Code § 65.2-402 as applied to designated public safety employees, including firefighters like Woody.  The statute establishes that respiratory diseases "shall be presumed to be occupational diseases suffered in the line of duty . . . unless such presumption is overcome by a preponderance of competent evidence to the contrary."  Code § 65.2-402(A).

> [T]he purpose of the statutory presumption is to establish by law, <u>in the absence of evidence</u>, a causal connection between certain occupations and death or disability resulting from specified diseases. . . .
>
>    *      *      *      *      *      *      *
>
> To overcome the statutory presumption the employer must show, by a preponderance of the evidence, <u>both</u> that 1) the claimant's disease was not caused by his employment, and 2) there was a non-work-related cause of the disease.  Thus, if the employer does not prove by a preponderance of the evidence both parts of this two-part test, the employer has failed to overcome the statutory presumption.

<u>Bass</u>, 258 Va. at 112-14, 515 S.E.2d at 562-63 (citations omitted) (first emphasis added).

- 4 -

In the case at bar, the commission found, and the claimants do not contest, that the employer met its burden as to the second prong of the Bass test:  there was a non-work-related cause of Woody's lung cancer which was his cigarette smoking. We find the evidence in the record more than sufficient to support the commission's finding on this issue.

As to the first prong of the Bass test, whether Woody's lung cancer was not caused by his employment as a firefighter, the commission determined the employer failed to rebut the presumption.

> By adopting the rationale set forth in Medlin, we conclude that by enacting the statutory presumption found in § 65.2-402, the General Assembly has determined that firefighters are exposed to properties in the course and scope of their employment that cause respiratory disease.  See Medlin v. County of Henrico Police; Bristol City Fire Department v. Maine, supra.  Although most experts have disputed the sufficiency of the unquantified occupational exposures in this case, no physician has disputed that the employee inhaled various toxins, which the legislature has determined cause respiratory disease, in the course of his career as a firefighter.  Thus, we find that the employer has failed to show that work was not a cause of his lung cancer.  In this regard, the presumption has not been rebutted.

VWC File No. 168-81-70 (June 22, 2001).

The commission's decision was not based on a weighing of the evidence in the record or a determination of causation in fact as applied to Woody.  Instead, the commission held that the

- 5 -

presumption precludes rebuttal by the employer where there is any evidence that a statutorily qualified employee had any level of exposure "to properties in the course and scope of their employment that cause respiratory disease."

The commission cites our decision in Medlin I as the basis for its holding. The commission misreads our decision. Neither Medlin I nor other case law permits the commission to convert the statutory rebuttable presumption into a judicially created conclusive presumption and make an award without weighing the evidence on the merits as to causation for an individual claimant.

As this Court stated in County of Henrico Police v. Medlin, 37 Va. App. 756, 762, 561 S.E.2d 60, 62 (2002) ("Medlin II"), Medlin I held only that "evidence that merely rebuts generally the underlying premise of the statute, which establishes a causal link between stress and heart disease, is not probative evidence for the purposes of overcoming the presumption." (Emphasis added). Medlin I made no extrapolation from Code § 65.2-402 (or otherwise) upon which the commission could base its declination to act as the trier of fact to determine whether or not the employer's evidence rebutted the presumption that Woody's duties as a firefighter were a cause of his lung cancer. While the commission must exclude from consideration evidence which only generally contradicts the premise of the presumption, nothing in statute or case law relieves the commission from

- 6 -

examining the remaining evidence and then concluding from that evidence whether the employer has carried its burden by a preponderance of the evidence.

The commission's decision fails to recognize the significance of a <u>rebuttable</u> presumption of law.

> A rebuttable presumption of law is a provisional procedural assumption of a fact which is prescribed by a rule of the substantive law.  It is a rule of the substantive law declaring that for procedural purposes a certain prima facie probative force will and shall (<u>until evidence sufficient to prove the contrary is introduced</u>) be provisionally attached to a given state of facts; that is, a certain inference shall be drawn from it, <u>unless and until evidence sufficient to prove the contrary has been introduced</u>.

<u>Simpson v. Simpson</u>, 162 Va. 621, 641-42, 175 S.E. 320, 329 (1934) (emphases added).

The commission's decision is in error as the commission failed to follow the plain language of Code § 65.2-402(A), which establishes a rebuttable presumption, not a conclusive presumption.  Under the commission's rationale, any person who worked as a statutorily designated employee and who contracted a disease covered by the statute would conclusively be entitled to an award upon production of any evidence of any exposure to any potentially causative disease factor in the work environment. It would be irrelevant whether that exposure had, in fact, any causative effect on the claimant.  In effect, the commission held that exposure, not proof of causation, was all a claimant

need show to render the rebuttable presumption a nullity by conversion to a conclusive presumption.

Had the General Assembly wished to write a conclusive presumption into Code § 65.2-402, it could have done so. It did not. Instead, the legislature has directed the commission to determine cases according to the weighing of the evidence, and the commission is without authority to change that statutory provision. Bass, 258 Va. at 114, 515 S.E.2d at 562-63.

"[W]hen the language in a statute is clear and unambiguous, we apply the plain meaning rule. Under this rule, we endeavor to ascertain and give effect to the intention of the legislature from the words used in the statute." Va. Coll. Bldg. Auth. v. Lynn, 260 Va. 608, 651, 538 S.E.2d 682, 706 (2000).

### III. CONCLUSION

The commission failed to follow the direction of the statute by creating a conclusive presumption, thereby denying the employer its statutory right to rebut the presumption. In cases under Code § 65.2-402, the commission must determine by a weighing of the evidence as to an individual claimant whether the employer has rebutted the statute. It utterly failed to do so in this case. Accordingly, the decision of the commission is

reversed and remanded for further proceedings in conformity with

this opinion.[2]

Reversed and remanded.

---

[2] As the commission has yet to make a finding under the proper legal standard as to whether the employer has rebutted the statutory presumption under Code § 65.2-402, we do not address arguments by the parties as to whether credible evidence existed in the record to sustain a rebuttal of the presumption or whether claimants carried their burden of proof upon rebuttal.