COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Frank and Clements


METROPOLITAN WASHINGTON AIRPORTS
 AUTHORITY AND HARTFORD
 CASUALTY INSURANCE COMPANY

                                        MEMORANDUM OPINION*
v.    Record No. 0905-03-4              PER CURIAM
                                        AUGUST 19, 2003
JOHN L. BISPO


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Benjamin J. Trichilo; Trichilo, Bancroft,
               McGavin, Horvath & Judkins, P.C., on briefs),
               for appellants.

               (Michael J. Kernbach; Burgess, Kernbach &
               Perigard, PLLC, on brief), for appellee.


     Metropolitan Washington Airports Authority and its insurer

(hereinafter referred to as "employer") contend the Workers'

Compensation Commission erred (1) in finding that employer

failed to rebut the statutory presumption contained in Code

§ 65.2-402(B); and (2) in applying an erroneous legal standard

and in failing to follow Henrico County Div. of Fire v. Estate

of Woody, 39 Va. App. 322, 572 S.E.2d 526 (2002), and Bass v.

City of Richmond Police Dep't, 258 Va. 103, 515 S.E.2d 557

(1999). Upon reviewing the record and the parties' briefs, we

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

In pertinent part, Code § 65.2-402(B) provides as follows:

> Hypertension or heart disease causing . . . any health condition or impairment resulting in total or partial disability of . . . firefighters . . . shall be presumed to be occupational diseases, suffered in the line of duty, that are covered by this title unless such presumption is overcome by a preponderance of competent evidence to the contrary.

"To overcome the presumption the employer must show, by a preponderance of the evidence, both that (1) the claimant's disease was not caused by his employment, and (2) there was a non-work-related cause of the disease."  Bass, 258 Va. at 114, 515 S.E.2d at 562-63.

Our review of the commission's decision is governed by well established principles.  As a fundamental principle, the Act provides that "the award of the Commission . . . shall be conclusive and binding as to all questions of fact."  Code § 65.2-706(A).  Thus, we are guided by the following rules:

> On appeal from [a] determination [that the employer has failed to overcome the statutory presumption], the reviewing court must assess whether there is credible evidence to support the Commission's award. Thus, unlike the Commission, the reviewing court is not charged with determining anew whether the employer's evidence of causation should be accorded sufficient weight to constitute a preponderance of the evidence on that issue.

Bass, 285 Va. at 115, 515 S.E.2d at 563 (citations omitted).

These rules apply with equal force to questions raised by competing medical opinions because "a question raised by 'conflicting expert medical opinions' is 'one of fact.'" Eccon Constr. Co. v. Lucas, 221 Va. 786, 790, 273 S.E.2d 797, 799 (1981) (citation omitted); see also Virginia Dep't of State Police v. Talbert, 1 Va. App. 250, 253, 337 S.E.2d 307, 308 (1985). "[A]s finder of fact . . . , the Commission resolves all conflicts in the evidence and determines the weight to be accorded the various evidentiary submissions." Bass, 258 Va. at 114, 515 S.E.2d at 563.

In ruling that the evidence did not preponderate to prove that claimant's employment was not a cause of the development of his heart disease, the commission found as follows:

> We agree with the deputy commissioner that the employer did not overcome the Code § 65.2-402 presumption by a "preponderance of competent evidence." We are persuaded that the opinions of Drs. [Warren] Israel, [Stuart] Seides, and [Christopher] Holland that the claimant's heart disease was not caused by his work were primarily based on the absence of scientific evidence, in their opinion, that established a link, in general, between heart disease and a person's work. Dr. Israel noted that such a conclusion was not consistent with "the preponderant opinion of the medical community" and Dr. Holland noted that it was not supported by a "preponderance of scientific evidence." Dr. Seides similarly noted that such a conclusion had "no basis in scientific fact whatsoever."
>
> We are more persuaded by Dr. [Melanie] Mattson's opinion that the evidence did not show that the claimant's employment did not

- 3 -

cause his heart disease. This opinion was corroborated by Dr. [Richard] Schwartz's opinion. Dr. Mattson pointed to certain "risk factors" that could be seen as "promoters" of heart disease, but denied being able to describe a "cause-and-effect" relationship between the risk factors and heart disease. Dr. Mattson testified as follows:

> I think there are a host of things that cause coronary disease, and no one has accurately identified the exact cause as to why Person A would develop a certain amount of coronary disease and Person B would not develop coronary disease with all of the same milieu – you know, the same cholesterol, the same sugar, the same blood pressure. There are a lot of unidentifiable causes. I think risk factors make the disease more likely from a statistical standpoint.

In the claimant's case, Dr. Mattson included the claimant's employment as one of the "risk factors that make the disease more likely." In conclusion, after weighing the evidence concerning the causes of the claimant's heart disease, we agree with the deputy commissioner that the employer did not present a preponderance of competent medical evidence showing that the claimant's heart disease was not caused by his employment.

Based upon the testimony and medical records of Drs. Israel, Seides, and Holland, the commission could reasonably infer that their opinions that claimant's heart disease was not caused by his employment were based upon their underlying belief that, in general, no scientific evidence exists to establish a causal link between a person's heart

- 4 -

disease and his or her employment. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). This Court has held that "[e]vidence that merely rebuts generally the underlying premise of the statute, which establishes a causal link between stress and heart disease, is not probative evidence for purposes of overcoming the presumption [that the heart disease is occupational]." Medlin v. County of Henrico Police, 34 Va. App. 396, 407, 542 S.E.2d 33, 39 (2001). Thus, the commission, as fact finder, was entitled to give no probative weight to the opinions of Drs. Israel, Seides, and Holland.

Dr. Mattson opined that "[o]ccupational stress as a firefighter . . . was also a contributing risk factor in the development or acceleration of [claimant's] heart disease" and that she could not scientifically exclude or include claimant's employment as a cause for the development of his heart disease. Dr. Schwartz opined that "[o]ccupational stress cannot be excluded as a risk factor or cause with regard to the development of [claimant's] cardiac condition." Their opinions, coupled with claimant's testimony regarding the stress he encountered in his work as a firefighter, provide credible evidence to support the commission's conclusion that employer failed to prove by a preponderance that claimant's work was not

- 5 -

a cause of his heart disease.  Thus, because employer did not meet its burden under the first prong of the Bass test, it failed to rebut the statutory presumption contained in Code § 65.2-402(B).[1]

Employer's contention in its second question presented that the commission applied an incorrect legal standard by requiring employer to exclude the possibility that the claimant's employment played a role in the development of his cardiovascular disease is without merit.  Our review of the record reveals that the commission's decision was based upon a thorough review and weighing of the medical evidence in its entirety and the commission's proper application of the Bass test to that evidence.

For these reasons, we affirm the commission's decision.

Affirmed.

---

[1] The commission's decision was based upon its finding that employer did not meet its burden under the first prong of the Bass test.  We have addressed that finding on appeal and, thus, need not address the second prong of the Bass test.