COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present: Judges Frank, Petty and Senior Judge Haley
Argued at Alexandria, Virginia


LARRY GEORGE SNELLINGS

v.      Record No. 0079-13-4

STAFFORD COUNTY FIRE
  AND RESCUE DEPARTMENT,
  VIRGINIA ASSOCIATION OF COUNTIES
  GROUP SELF-INSURANCE AND
  VACO RISK MANAGEMENT PROGRAMS, INC.

OPINION BY
JUDGE JAMES W. HALEY, JR.
NOVEMBER 19, 2013


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Kathleen Grace Walsh for appellant.

J. David Griffin (Winchester Law Group, P.C., on brief), for
appellees.


Larry George Snellings ("claimant") appeals the determination of the Workers'

Compensation Commission ("the commission") that the presumption in Code § 65.2-402 does

not apply to his claim for benefits under the Workers' Compensation Act ("Act"). Finding no

error in the commission's decision, we affirm.

Background

On appeal from a decision of the commission, we review the evidence in the light most

favorable to Stafford County Fire and Rescue Department and its insurers (collectively

"employer"), the parties prevailing below. Lynchburg Foundry Co. v. Goad, 15 Va. App. 710,

712, 427 S.E.2d 215, 217 (1993). On April 13, 2011, claimant, an emergency medical technician

with employer, suffered a stroke. Upon admission to the hospital, claimant underwent a CT scan

of his head which revealed a clot in the "anterior branches [of his] left cerebral artery." The scan

also noted an "unrelated left middle fossa cyst." An echocardiogram revealed no heart abnormalities.

When claimant was discharged from the hospital, his diagnoses included: (a) acute cerebrovascular event [CVA]; (b) hypertension; (c) hyperlipidemia; (d) uncontrolled diabetes; and (e) dysarthria. His face drooped, and he was unsteady on his feet with weakness in his right upper and lower extremities.

Claimant underwent several physical examinations during the months following his discharge. None of them revealed any evidence of heart abnormalities or heart disease.

As a result of his stroke, claimant filed a workers' compensation claim seeking temporary total disability benefits and continuing medical benefits pursuant to Code § 65.2-603. Claimant offered no medical evidence regarding the cause of his stroke. Instead, he maintained he was a member of the class of employees protected by Code § 65.2-402 and that his stroke was an occupational disease, thereby entitling him to the presumption that his disability was work related. The deputy commissioner agreed.

On appeal, the commission reversed on the basis that claimant's evidence failed to prove his stroke was caused by hypertension or heart disease, as required by Code § 65.2-402. Accordingly, the commission concluded the deputy commissioner erred in applying the presumption in Code § 65.2-402. Finally, because claimant offered no proof as to the cause of his stroke, the commission found he failed to establish his stroke was compensable as an occupational disease or ordinary disease of life pursuant to Code §§ 65.2-400 and 65.2-401.

Claimant now appeals the commission's ruling[1] that the presumption in Code § 65.2-402 does not apply to his claim.

---

[1] Employer assigns error to the deputy commissioner's finding that claimant suffered from a disability. As we agree with the commission's conclusion that appellant failed to establish a compensable claim, this issue is moot.

<u>Analysis</u>

Code § 65.2-402(B) creates a presumption that heart disease and hypertension are occupationally related. It provides in relevant part as follows:

> *Hypertension or heart disease causing* the death of, or *any health condition or impairment resulting in total or partial disability* of (i) salaried or volunteer firefighters . . . shall be presumed to be occupational diseases, suffered in the line of duty, that are covered by this title unless such presumption is overcome by a preponderance of competent evidence to the contrary.

(Emphasis added.)

"[T]he purpose of the statutory presumption is to establish by law, in the absence of evidence, a causal connection between certain occupations and death or disability resulting from specified diseases." <u>Bass v. Richmond Police Dep't</u>, 258 Va. 103, 112, 515 S.E.2d 557, 561 (1999). "[T]he underlying premise of Code § 65.2-402(B) . . . [is to] establish[] the presumptive causal link between occupational stress and heart disease [and hypertension]." <u>Patton v. Loudoun Cnty. Bd. of Supervisors</u>, 36 Va. App. 392, 398, 551 S.E.2d 6, 9 (2001).

Claimant maintains the commission erred in vacating his award because it "ignored" his diagnosis of hypertension, a condition he maintains entitled him to the presumption in Code § 65.2-402(B). He also notes that medical literature[2] suggests an ischemic stroke, a blood clot in the brain, "can be caused by clogged arteries." Claimant does not argue, however, heart disease or hypertension caused his stroke.

As the plain language of Code § 65.2-402(B) states, hypertension and heart disease are not occupational diseases under all circumstances. They are defined as occupational diseases *only* if they "cause . . . any health condition or impairment resulting in total or partial disability."

---

[2] Claimant cites an article on stroke from the U.S. National Library of Medicine (2013), at http://www.nim.nih.gov/medlineplus/ency/article/000726.htm, but as this article was not included in the evidence presented below, we may not consider it.

See Industrial Dev. Auth. v. Board of Supervisors, 263 Va. 349, 353, 559 S.E.2d 621, 623 (2002) ("When the language of a statute is clear and unambiguous, we are bound by the plain meaning of that language.").

Code § 65.2-402 creates a rebuttable presumption in favor of fire fighters and police officers that a causal connection exists between a claimant's hypertension or heart disease and his employment. See Fairfax Cnty. Fire & Rescue Dep't v. Mitchell, 14 Va. App. 1033, 1035, 421 S.E.2d 668, 670 (1992). While this presumption eliminates the need for a claimant who is a fire fighter to establish that his employment caused his disease, it does not relieve him of the initial burden to prove the existence of hypertension or heart disease causing a disability.

Thus, the issue before us is whether claimant's heart disease or hypertension caused a health condition resulting in total or partial disability. See Berry v. County of Henrico, 219 Va. 259, 264-65, 247 S.E.2d 389, 392 (1978) (in creating a statutory presumption in favor of employee, "the General Assembly intended the presumption to apply in those instances where an [employment] examination . . . fails to make a positive finding of the *disease which subsequently brings about the disability or death of the fire fighter*" (emphasis added)).

We defer to the commission's factual findings regarding causation, and assess only whether its findings were supported by credible evidence. See Bass, 258 Va. at 115, 515 S.E.2d at 563 ("[U]nlike the commission, the reviewing court is not charged with determining anew whether the employer's evidence of causation should be accorded sufficient weight to constitute a preponderance of the evidence on that issue."). See also A New Leaf, Inc. v. Webb, 257 Va. 190, 196, 511 S.E.2d 102, 104 (1999) (whether employee suffered from an occupational disease is a legal question, but the nature and cause of her impairment is a factual issue).

Here, no evidence was before the commission from which it could find that claimant's stroke resulted from hypertension or heart disease. Cf. Portsmouth Sheriff's Dep't v. Clark, 30

Va. App. 548, 551, 513 S.E.2d 342, 345 (1999) (presumption applied where cardiovascular specialist opined that orthostatic hypotension caused stroke); City of Waynesboro Police v. Coffey, 35 Va. App. 264, 544 S.E.2d 860 (2001) (six medical opinions as to cause of death). Thus, even though appellant suffered from hypertension,[3] he was not entitled to the statutory presumption because he offered no proof his hypertension resulted in his disability, i.e. his stroke.

For these reasons, the decision of the commission is affirmed.

Affirmed.

---

[3] Appellant concedes he does not suffer from heart disease.