COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges O'Brien, AtLee and Senior Judge Clements
Argued at Fredericksburg, Virginia


GABRIEL BLUE

                                        MEMORANDUM OPINION[*] BY
v.       Record No. 1236-21-4           JUDGE MARY GRACE O'BRIEN
                                             MAY 31, 2022

MICHELS CORPORATION AND
 XL SPECIALITY INSURANCE CO.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            David J. Kapson (ChasenBoscolo Injury Lawyers, on brief), for
            appellant.

            Sarah M. Burton (Tarpine, Heller & Pendergrass, LLC, on brief), for
            appellees.


        Gabriel Blue (claimant) appeals a decision of the Virginia Workers' Compensation

Commission ("the Commission") denying his claim seeking temporary total disability benefits and

lifetime medical benefits from a work accident that occurred on December 15, 2020. For the

following reasons, we find no error and affirm the Commission's decision.

                                    BACKGROUND

        On appeal from a decision by the Commission, we view the evidence and all reasonable

inferences that may be drawn from that evidence in the light most favorable to the party

prevailing below. *Anderson v. Anderson*, 65 Va. App. 354, 361 (2015).

        Claimant, fifty-nine years old at the time of the evidentiary hearing, claims that he was

injured in a workplace accident on December 15, 2020, while employed as a "ground laborer"

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

for the Michels Corporation ("employer"), a commercial drilling company. Claimant's job duties included carrying lumber and clamping pipes for drilling. Another employee would then use a machine called a "boom" to move the pipes. On the date of the accident, claimant was training a co-worker to clamp the pipes. According to claimant, as he "was going down to clamp the pipe, the [metal] boom that picks the pipe up . . . hit [his] helmet and knocked [the helmet] two feet on the ground." Claimant was also knocked to the ground momentarily, but put his helmet back on his head and continued working. He reported the incident to his supervisor at lunch that day.

Claimant testified that his symptoms began "a few days later." They included light sensitivity and difficulty with hearing and vision, as well as pain in his head, right arm and shoulder, neck, and back. Claimant denied having pre-existing problems in those areas. He was seen at Patient First on or about December 19, 2020, and was referred to the emergency room, where his doctors diagnosed him with a concussion and told him to take "a couple days off" from work. He returned to work on December 21.

The earliest medical record submitted to the Commission is dated January 11, 2021.[1] That day, claimant was treated at Saint Agnes Hospital and received discharge instructions for a concussion, sinusitis, and ear wax impaction. Claimant was initially released to full duty effective January 14, 2021. After subsequent appointments, claimant was released to full duty again effective January 18, 2021 and January 25. The initial reports from Saint Agnes Hospital did not mention a work accident.

On February 3, 2021, the employer terminated claimant. According to claimant, the employer told him that it "no longer need[ed]" him because he was a "no call no show."

_____

[1] Claimant submitted a medical bill from Saint Agnes Hospital dated December 29, 2020, suggesting that he sought medical treatment before January 11, 2021. The bill does not include a corresponding medical record.

Claimant saw his treating orthopedic specialist, Dr. Wallach, on February 12, 2021, for pain in his neck and right shoulder. Dr. Wallach's records were the first to mention claimant's work accident, specifically stating that claimant's "symptoms began during a work-related injury on [December 15, 2020] as he was hit on the head by a large pipe while working on a pipeline . . . his helmet came off during the injury[;] however, he denied immediate pain." That record also reflected that claimant began experiencing headaches and neck pain three days after the injury and had been diagnosed with a concussion. Dr. Wallach placed claimant on a no-work status, recommended MRIs of the neck and shoulder, and prescribed physical therapy and pain medication.

The MRI of claimant's right shoulder revealed "low-grade partial thickness tearing of the infraspinatus," as well as "varying degrees of tendinosis of the infraspinatus, supraspinatus, and subscapularis tendons," and "mild AC joint osteoarthritis." The MRI of claimant's neck reflected "degenerative changes superimposed on a developmentally narrow spinal canal with spinal canal stenosis and foraminal stenosis." Several months later, claimant began seeing a neurologist, Dr. Kastl, for his head pain. Claimant informed Dr. Kastl about his work accident and reported that he had missed work due to neck pain, and was terminated as a result. Dr. Kastl had no prior medical records to review. She noted that claimant had a normal exam, but she prescribed medication and physical therapy and recommended an MRI of claimant's brain.

Claimant filed for temporary total disability benefits beginning December 15, 2020, through the present, as well as a lifetime medical award for related medical expenses. At the hearing, employer argued that claimant did not suffer a compensable injury by accident and there was no causal connection between claimant's disability and the work accident. Employer also asserted that claimant was not disabled as he claimed and the medical evidence did not support the periods of disability alleged.

After reviewing the evidence and testimony, the deputy commissioner held that claimant "proved a compensable accident arising out of and in the course of his employment when he was hit on the head/helmet by a boom while clamping a pipe" but claimant "failed to prove any injury causally related to the work accident." The deputy commissioner emphasized that claimant continued to work after the accident and did not seek medical attention until days later. Further, the deputy commissioner found that medical records did not mention the work accident until two months later, and "no explanation was provided as to how the accident caused any injury to the neck or right shoulder." The deputy commissioner reasoned that the record was "insufficient to establish that the described accident caused any of the alleged injuries."

Claimant appealed to the full Commission, asserting that the deputy commissioner erred in finding that claimant failed to prove any injury causally related to the work accident. Claimant also argued that the deputy commissioner "failed to weigh [claimant's] credibility and whether that testimony can 'fill in the gaps' of the medical records."

The Commission affirmed the deputy commissioner's findings, because the "presented evidence simply did not establish that any of the claimant's conditions resulted from the occupational accident." Further, the Commission found it significant that claimant did not seek medical treatment for weeks and the medical records did not refer to a work-related incident until almost two months later.

## ANALYSIS

Decisions of the Commission "shall be conclusive and binding as to all questions of fact." Code § 65.2-706(A). "Consequently, on appeal, 'we do not retry the facts before the Commission nor do we review the weight, preponderance of the evidence, or the credibility of witnesses.'" *Jeffreys v. Uninsured Employer's Fund*, 297 Va. 82, 87 (2019) (quoting *Caskey v. Dan River Mills, Inc.*, 225 Va. 405, 411 (1983)). Instead, "we are bound by the [C]ommission's

- 4 -

findings of fact as long as 'there was credible evidence presented such that a reasonable mind could conclude that the fact in issue was proved,' even if there is evidence in the record that would support a contrary finding." *Artis v. Ottenberg's Bakers, Inc.*, 45 Va. App. 72, 83-84 (2005) (*en banc*) (quoting *Westmoreland Coal Co. v. Campbell*, 7 Va. App. 217, 222 (1988)). "The scope of a judicial review of the fact finding function of [the] workers' compensation commission . . . is 'severely limited, partly in deference to the agency's expertise in a specialized field.'" *Roske v. Culbertson Co.*, 62 Va. App. 512, 517 (2013) (quoting *Southside Va. Training Ctr. v. Ellis*, 33 Va. App. 824, 828 (2000)). Conversely, "the [C]ommission's legal determinations are not binding on appeal and will be reviewed *de novo*." *Id.* (quoting *Wainwright v. Newport News Shipbuilding & Dry Dock Co.*, 50 Va. App. 421, 430 (2007)).

On appeal, claimant argues that the Commission erred "in discounting the relevance of [claimant's] testimony" and "requiring [claimant] to prove, by clear and convincing evidence, he suffered injuries causally related to the work incident on December 15, 2020." Claimant maintains that causation is a factual issue, and any "doubt should have been resolved in favor of [claimant], not the [e]mployer." According to claimant, the Commission failed to "draw any inferences from the evidence in [claimant's] favor" which resulted in the Commission imposing "a heightened standard of proof" upon claimant than required by Virginia law. Lastly, claimant argues that the Commission "should have found [him] credible and credited his testimony and drawn an inference from that testimony."

We disagree with claimant's argument that the Commission imposed a heightened standard of proof upon him. Claimant had the burden to prove, by a preponderance of the evidence, "a causal connection between the work-related incident" and the injury. *Hoffman v. Carter*, 50 Va. App. 199, 214 (2007). Upon review of the record, the Commission did not err in finding that claimant failed to meet his burden of proof in this case.

The Commission's determination of causation is a finding of fact. *Lee Cnty. Sch. Bd. v. Miller*, 38 Va. App. 253, 260 (2002). "[F]actual findings of the [C]ommission will not be disturbed if based on credible evidence." *Hess v. Virginia State Police*, 68 Va. App. 190, 194 (2017) (quoting *Anthony v. Fairfax Cnty. Dep't of Fam. Servs.*, 36 Va. App. 98, 103 (2001)). In determining whether credible evidence exists to support the Commission's findings of fact, "the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." *Pruden v. Plasser Am. Corp.*, 45 Va. App. 566, 574-75 (2005) (quoting *Wagner Enter., Inc. v. Brooks*, 12 Va. App. 890, 894 (1991)). "[U]nlike the Commission, the reviewing court is not charged with determining anew whether the . . . evidence of causation should be accorded sufficient weight to constitute a preponderance of the evidence on that issue." *Snellings v. Stafford Cnty. Fire & Rescue Dep't*, 62 Va. App. 568, 573 (2013) (alteration in original) (quoting *Bass v. City of Richmond Police Dep't*, 258 Va. 103, 114-15 (1999)). "Causation is usually proven by medical evidence." *Clinch Valley Med. Ctr. v. Hayes*, 34 Va. App. 183, 192 (2000). However, "the testimony of a claimant may also be considered in determining causation, especially where the medical testimony is inconclusive." *Hoffman*, 50 Va. App. at 214-15 (quoting *Dollar Gen. Store v. Cridlin*, 22 Va. App. 171, 176 (1996)).

The circumstances surrounding the work accident are undisputed. A metal boom "hit [claimant's] helmet and knocked [his helmet] two feet on the ground." Claimant continued working that day and reported that his symptoms did not begin until a few days later. Although he testified that he received medical treatment soon after his symptoms began, the first medical record claimant submitted in support was dated January 11, 2021, nearly a month after the accident. It included a full duty release effective January 14, but made no mention of any work

accident that occurred on December 15, 2020. Claimant was released to full duty again effective January 18, 2021 and January 25, still with no mention of a work accident.

Claimant submitted a medical bill from Saint Agnes Hospital dated December 29, 2020, suggesting that he may have received medical treatment for his injuries before January 11, 2021. Claimant, however, submitted no contemporaneous medical evidence until January 11 to substantiate any allegation that he suffered a disability as a result of an incident that occurred on December 15, 2020. The first medical record that alludes to claimant suffering a work injury was dated February 12, 2021, nine days after his termination from employment and nearly two months following the work accident.

Further, claimant's neck MRI revealed degenerative changes along the cervical spine, and his shoulder MRI revealed a "low-grade partial thickness tearing of the infraspinatus" with varying degrees of tendinosis and evidence of osteoarthritis. There was no medical evidence attributing the metal boom hitting the claimant's helmet to these conditions. Additionally, while claimant's neurologist mentioned the December 15 incident in her note several months later, she acknowledged that she had no prior records to review. She concluded that claimant's exam was normal and recommended no work restrictions.

After considering claimant's testimony and the submitted medical evidence, the Commission concluded that the totality of the evidence "did not establish that any of claimant's conditions resulted from the work accident." It explicitly found that claimant testified to having no symptoms following the incident and was able to continue working. Additionally, the Commission found unpersuasive claimant's argument that the deputy commissioner "denied medical causation by relying on nitpicking [claimant's] medical evidence."

It is not the function of this Court to review the credibility of witnesses. *Jeffreys*, 297 Va. at 87. The record reflects that the Commission weighed the medical evidence along with

claimant's testimony.  We will not substitute our judgment for that of the trier of fact, which had an opportunity to observe the witnesses and evaluate their credibility.  *See Cridlin*, 22 Va. App. at 176.

Therefore, based on the totality of the evidence, we hold the record contains credible evidence to support the Commission's conclusion that claimant did not meet his burden of proving a causal connection between his alleged disability and the work incident that occurred on December 15, 2020.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Commission.

*Affirmed.*