## Richmond

ANITA MCCASKEY

V.

PATRICK HENRY HOSPITAL, ET AL.

June 17, 1983.

Record No. 820192.

Present: All the Justices.

*Charles F. Groom, Jr. (Harry E. Atkinson,* on briefs), for appellant.

*George H. Heilig, Jr. (Mary G. Cummander; Rixey, Heilig & McKenry,* on brief), for appellees.

PER CURIAM.

The claimant, Anita McCaskey, was a department head at Patrick Henry Hospital. She sustained a work-related back injury in January 1981. Her claim was accepted as compensable by the employer's insurer, and McCaskey was awarded weekly benefits.

Compensation was suspended in August 1981, when the insurer filed an application with the Industrial Commission alleging a change in condition. Code § 65.1-99. The employer stated claimant was able to return to work. Overruling a deputy commissioner's opinion, the full Commission agreed with the employer that the claimant had recovered sufficiently from her injury to return to work. The principal question on appeal is whether there is credible evidence to support this finding.

McCaskey was initially treated by an orthopedic surgeon. His examination revealed no objective findings of injury to her back. Nevertheless, he diagnosed her injury as an acute lumbosacral strain and reported that claimant was disabled from work.

In February, claimant was referred to a neurosurgeon, who continued treating her until July. This doctor stated that claimant had lower back pain, but he made no objective findings of a "neurological deficit." However, he also reported that she was disabled from work.

On July 10, 1981, the neurosurgeon reported that claimant's condition was essentially normal and recommended she return to

"light duty" on July 20, and resume her regular employment four weeks later. While recognizing she was still in pain, he did not believe this would prevent her from performing her work.

Claimant returned to her employment, which involved no physical labor, but stopped after two days because of the pain. At this time, she was referred to her family physician, Dr. R. J. Guardia, a general practitioner, since neither specialist was able to explain her continued complaints.

Dr. Guardia hospitalized the claimant for testing, and she remained in the hospital for ten days. The discharge summary states that claimant had a lumbar strain, and Dr. Guardia recommended rest and light activity at home.

■ It is an established rule that a decision of the Industrial Commission as to questions of fact, if supported by credible evidence, is conclusive and binding on this Court. Code § 65.1-98; *Sky Chefs, Inc.* v. *Rogers,* 222 Va. 800, 805, 284 S.E.2d 605, 607 (1981); *Fairfax Hospital* v. *DeLaFleur,* 221 Va. 406, 410, 270 S.E.2d 720, 722 (1980). Conflicting expert opinions constitute a question of fact to which this rule applies. *Eccon Company* v. *Lucas,* 221 Va. 786, 790, 273 S.E.2d 797, 799 (1981).

■ The neurosurgeon, after treating McCaskey for approximately five months, opined that she was able to return to work on July 20. His conclusion is supported by the fact that the objective findings of all the doctors were essentially negative for more than six months following claimant's injury. Dr. Guardia, on the other hand, reported that claimant was unable to work. The Commission has resolved this conflict in favor of the employer. The Commission's finding is based upon credible evidence, and therefore we are bound by it.*

Accordingly, the award of the Commission will be affirmed.

*Affirmed.*

---

* Claimant also contends the Commission erred in establishing September 1, 1981, as the date she was able to return to work. We find no merit to this assignment of error. The evidence suggests July 20 as the date she was able to return. Hence, the claimant is not a party aggrieved by this ruling.