COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Clements
Argued at Richmond, Virginia


COUNTY OF HENRICO POLICE
                                          OPINION BY
v.    Record No. 1891-01-2        JUDGE JERE M. H. WILLIS, JR.
                                         MARCH 26, 2002
JAMES ISAAC MEDLIN, JR.


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Ralph L. Whitt, Jr. (Michael P. Del Bueno;
            Whitt & Associates, on briefs), for
            appellant.

            Malcolm Parks (Maloney, Parks, Clarke &
            Nathanson, P.C., on brief), for appellee.


     The Henrico County Police Department ("employer") appeals a

decision of the Workers' Compensation Commission awarding James

Medlin, Jr. benefits for incapacitation resulting from

work-related heart disease.  The employer contends:  (1) that

our holding in Medlin v. County of Henrico Police, 34 Va. App.

396, 542 S.E.2d 33 (2001) (Medlin I), excluding from evidence

expert opinions that are inconsistent with the statutory

presumption set forth in Code § 65.2-402, is an incorrect

statement of the law; (2) that the commission exceeded its

authority and our remand instruction by re-examining the

evidence; (3) that the commission violated the law of the case

by reversing itself; and (4) that the preponderance of credible

evidence overcame the Code § 65.2-402 presumption.  We affirm the commission's decision.

## I.  BACKGROUND

On appeal, "[d]ecisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court."  Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991) (citing Code § 65.1-98; McCaskey v. Patrick Henry Hosp., 225 Va. 413, 415, 304 S.E.2d 1, 2 (1983)).[1]  "The fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding."  Id. (citing Russell Loungewear v. Gray, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986)).  We view the evidence in the light most favorable to the party prevailing below.  Creedle Sales Co. v. Edmonds, 24 Va. App. 24, 26, 480 S.E.2d 123, 124 (1997).

### A.  THE INJURY

On or about May 2, 1997, Medlin, a fifty-three-year-old police officer with the Henrico County Police Department, began experiencing tightness in his chest and shortness of breath.  He consulted his family physician, who ordered a cardiac stress test and then referred him to a cardiologist.  Significant coronary artery blockages were found and on May 5, 1997, Medlin underwent three-vessel coronary artery bypass surgery.  He was

---

[1] Code § 65.1-98 was recodified in 1991.  The present provision can be found at Code § 65.2-706.

incapacitated from May 2, 1997 until January 21, 1998, when he
returned to work.

In 1976, Medlin underwent a required department physical
examination which established that at that time he was free of
heart disease or hypertension.  However, his medical background
showed a history of elevated cholesterol and hypertension, and a
family history of premature heart disease.

B.    PROCEDURAL HISTORY

On July 16, 1998, a deputy commissioner awarded Medlin
benefits under the Workers' Compensation Act.  The employer
sought review and on April 7, 2000, the full commission reversed
the deputy's award.  Medlin appealed the commission's decision
to this Court.

Code § 65.2-402(B) provides, in pertinent part:

> Hypertension or heart disease causing . . .
> any health condition or impairment resulting
> in total or partial disability of . . .
> members of county, city or town police
> departments . . . shall be presumed to be
> occupational diseases, suffered in the line
> of duty, that are covered by this title
> unless such presumption is overcome by a
> preponderance of competent evidence to the
> contrary.

Medlin contended that the foregoing presumption was unrefuted
and carried his burden of proof.  The employer contended that
the presumption was rebutted by competent evidence.  It cited
the testimony of Dr. Michael Hess that, as a general matter, no
link exists between stress and heart disease.  Specifically,

Dr. Hess testified, "[t]here is no evidence in the literature that stress or work-related factors play any primary cause in the development of coronary artery disease.  Further there is absolutely no evidence that employment as a police officer is a factor in causing the coronary artery disease."

Holding that medical opinion that merely contradicted the Code § 65.2-402(B) presumption generally lacked probative value to overcome the presumption and should be rejected, we reversed the commission's decision and remanded the case with direction to reconsider the evidence in the light of our ruling.  See Medlin I, 34 Va. App. at 407-08, 542 S.E.2d at 39.  On June 25, 2001, the commission reversed its earlier denial of Medlin's claim, holding that the evidence failed to overcome the presumption.  The employer appeals that decision.

## II.  ANALYSIS

### A.  MEDLIN I

The employer first contends that our holding in Medlin I erroneously mandates the complete exclusion of all expert testimony and opinion that is inconsistent with the Code § 65.2-402 presumption.  Based upon this misreading, the employer asks us to reverse Medlin I.  We decline the invitation.  See Johnson v. Commonwealth, 252 Va. 425, 430, 478 S.E.2d 539, 541 (1996).

> The obligation to follow precedent begins
> with necessity, and a contrary necessity
> marks its outer limit. . . .  [W]e recognize

- 4 -

> that no judicial system could do society's work if it eyed each issue afresh in every case that raised it. See B. Cardozo, The Nature of the Judicial Process 149 (1921). Indeed, the very concept of the rule of law underlying our own Constitution requires such continuity over time that a respect for precedent is, by definition, indispensable. See Powell, Stare Decisis and Judicial Restraint, 1991 Journal of Supreme Court History 13, 16.

Planned Parenthood of S.E. Pa. v. Casey, 505 U.S. 833, 854 (1992). The doctrine of stare decisis carries such persuasive force that a departure from precedent requires support by some special justification. United States v. International Business Machines Corp., 517 U.S. 843, 856 (1996). The employer's misinterpretation of Medlin I's holding warrants no such departure.

The employer argues that Medlin I requires exclusion of expert testimony and opinion that is inconsistent with the Code § 65.2-402 presumption. That contention misreads Medlin I. Medlin I holds only that "evidence that merely rebuts generally the underlying premise of the statute, which establishes a causal link between stress and heart disease, is not probative evidence for the purposes of overcoming the presumption." Medlin I, 34 Va. App. at 407, 542 S.E.2d at 39 (emphasis added). Under this holding, expert opinion that merely discounts the presumption is non-probative and irrelevant to refute the presumption. To refute the presumption, evidence must deny that work was a cause or risk factor of the claimant's heart disease,

- 5 -

see Bristol City Fire Dep't and Virginia Mun. Group Self-Ins. Ass'n v. Maine, 35 Va. App. 109, 117, 542 S.E.2d 822, 826 (2001), and must attribute the claimant's heart disease to a specific, non-work-related cause.

In this case, Dr. Hess's expert opinion lacked such probative value. He testified that "[t]here is no data that emotional stressors contribute[d] to the development of [Medlin's] significant disease, which was very significant." He testified further, "there is no evidence in the literature that stress or work-related factors play any primary cause in the development of coronary artery disease." Because this testimony was nothing more than a general attempt to refute the statutory presumption, it lacked probative value to overcome the presumption.

B. THE COMMISSION'S RE-EXAMINATION OF THE EVIDENCE

The employer next contends that the commission exceeded its authority by re-examining the evidence on remand. Our direction in Medlin I refutes this argument. Holding that the commission erred in relying on Dr. Hess's testimony, we gave the following instruction:

> Because the weight the commission assigned to Dr. Hess's . . . opinions in reaching its decisions is unclear, we remand . . . to the commission to determine whether the employer has sufficiently rebutted the presumption in light of the remaining probative evidence . . . .

Medlin I, 34 Va. App. at 408, 542 S.E.2d at 39.

- 6 -

Thus, we instructed the commission to determine, based on the remaining probative evidence, whether the employer had sufficiently rebutted the statutory presumption. This required a re-examination of the remaining evidence. The commission did as we instructed and did not exceed its authority.

### C.   VIOLATION OF THE LAW OF THE CASE

The law of the case doctrine provides that "[w]here there have been two appeals in the same case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal." Uninsured Employer's Fund v. Thrush, 255 Va. 14, 18, 496 S.E.2d 57, 58-59 (1998). This doctrine does not apply to the case before us. No determinations from the first case carried forward to this case. The commission's original factual determinations were not addressed in Medlin I. The case was remanded because those factual determinations were based on an erroneous application of law. Thus, the law of the case doctrine does not apply.

### D.   CREDIBLE EVIDENCE AS TO QUESTIONS OF FACT

The employer asks us to reverse the commission's finding that the Code § 65.2-402(B) presumption was not rebutted. We will not.

Medlin was free of heart disease and hypertension when he began working for the Henrico County Police Department in 1976. Expert testimony that his May 2, 1997 attack and his heart disease were stress-related supports the presumption and the

- 7 -

commission's decision to award him benefits. "Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court." Manassas Ice, 13 Va. App. at 229, 409 S.E.2d at 826. "The fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding." Id.

The decision of the commission is affirmed.

Affirmed.