COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Humphreys


AMHERST COUNTY SHERIFF'S OFFICE AND
 VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION
                                    MEMORANDUM OPINION* BY
v.    Record No. 2011-02-4          JUDGE LARRY G. ELDER
                                         MARCH 4, 2003
ALVIN WAYNE GOODWIN


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Ralph L. Whitt, Jr.; Michael P. Del Bueno;
             Whitt & Associates, on brief), for
             appellants.  Appellants submitting on brief.

             (Michael A. Kernbach; Burgess, Kernbach &
             Perigard, PLLC, on brief), for appellee.
             Appellee submitting on brief.


     On appeal after remand by this Court, see Goodwin v.

Amherst County Sheriff's Office, No. 0810-01-4 (Va. Ct. App.

Jan. 29, 2002), the Amherst County Sheriff's Office and Virginia

Municipal Group Self-Insurance Association (employer) appeal

from a decision of the Workers' Compensation Commission (the

commission) awarding benefits to Alvin Wayne Goodwin (claimant)

for occupational heart disease.  In the present appeal, employer

asserts the commission erroneously rejected the testimony of

claimant's treating physician as conflicting with the

presumption in Code § 65.2-402 that heart disease in law

─────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

enforcement personnel is occupational and, thus, erroneously concluded that employer failed to rebut the presumption.

We hold employer's claims are barred in part by the law of the case, as determined in the prior appeal to this Court. Further, we hold credible evidence in the record supports the commission's conclusion that employer failed to rebut the presumption. Thus, we affirm.

I.

ANALYSIS

Code § 65.2-402(B) provides in relevant part as follows:

> Hypertension or heart disease causing the death of, or any health condition or impairment resulting in total or partial disability of . . . sheriffs and deputy sheriffs . . . shall be presumed to be occupational diseases, suffered in the line of duty, that are covered by this title unless such presumption is overcome by a preponderance of competent evidence to the contrary.

To rebut this presumption, "the employer must show, by a preponderance of the evidence, both that 1) the claimant's disease was not caused by his employment, and 2) there was a non-work-related cause of the disease." Bass v. City of Richmond Police Dep't, 258 Va. 103, 112, 515 S.E.2d 557, 561-62 (1999).

> In providing that the statutory presumption may be overcome by a preponderance of the evidence to the contrary, Code § 65.2-402(B) implicitly directs the Commission as finder of fact to consider all evidence on the issue of causation presented by the

- 2 -

claimant, as well as by the employer. When the Commission determines that the employer has failed to overcome the statutory presumption, the claimant is entitled to an award of benefits under the Act. See Code §§ 65.2-400 to -407. On appeal from this determination, the reviewing court must assess whether there is credible evidence to support the Commission's award.

Id. at 114, 515 S.E.2d at 563.

"[E]vidence that merely rebuts generally the underlying premise of the statute, which establishes a causal link between stress and heart disease, is not probative for purposes of overcoming the presumption [that the heart disease is occupational]." Medlin v. County of Henrico Police, 34 Va. App. 396, 407, 542 S.E.2d 33, 39 (2001) [hereinafter Medlin I]. "[T]he employer can rebut the Code § 65.2-402 presumption without attacking the underlying legitimacy of the presumption itself," id. at 407 n.5, 542 S.E.2d at 39 n.5, but "the employer may not, in effect, 'repeal' the statute 'by [providing evidence from a] doctor whose beliefs preclude its possible application,'" id. at 407, 542 S.E.2d at 38 (quoting Stephens v. Workmen's Comp. Appeals Bd., 20 Cal. App. 3d 461, 467 (Cal. Ct. App. 1971)).

## A.

### EVIDENCE FROM TREATING PHYSICIAN GENERALLY REBUTTING PRESUMPTION

Employer contends a panel of this Court, in deciding the previous appeal in this matter, erred in applying Medlin I's prohibition against the use of general evidence denying proof of

- 3 -

a link between stress and heart disease to the opinion of a treating physician. It argues that Medlin I applies only to the opinions of experts hired by the parties for the purpose of expressing an opinion in existing litigation.

We hold the doctrine of the law of the case precludes our consideration of that issue in this appeal. "The law of the case doctrine provides that 'where there have been two appeals in the same case, between the same parties, and the facts are the same, nothing decided in the first appeal can be re-examined on a second appeal.'" County of Henrico Police v. Medlin, 37 Va. App. 756, 763, 561 S.E.2d 60, 63 (2002) (quoting Uninsured Employer's Fund v. Thrush, 255 Va. 14, 18, 496 S.E.2d 57, 58-59 (1998)). As employer makes clear on brief, the issue of whether Medlin I applies to the opinion of a treating physician was decided adversely to it in the previous appeal of this matter. Thus, we are not at liberty to revisit that issue in this subsequent appeal.

B.

SUFFICIENCY OF EVIDENCE TO SUPPORT COMMISSION'S<br>REJECTION OF TREATING PHYSICIAN'S OPINION

Employer argues next that the commission erroneously rejected all of the opinion testimony of Dr. Thomas W. Nygaard, claimant's treating physician, as lacking probative value under

Medlin I.[1] It contends Dr. Nygaard's testimony constituted a "conce[ssion] that job stress can potentially be a minor factor in the development of heart disease, but just not in this case." We disagree and hold that credible evidence in the record supports the commission's construction of Dr. Nygaard's testimony.

Under settled principles,

> [t]he factual findings of the commission are conclusive and binding on appeal if supported by credible evidence in the record. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "This rule applies when an expert's opinion contains internal conflict." Greif Companies/Genesco, Inc. v. Hensley, 22 Va. App. 546, 552, 471 S.E.2d 803, 806 (1996).

Henrico County Sch. Bd. v. Etter, 36 Va. App. 437, 443-44, 552 S.E.2d 372, 375 (2001) (citation omitted). Applying these principles in Etter, we concluded as follows:

> Although some of [the treating physician's] . . . statements . . . may arguably conflict with each other, the commission, as fact finder, was entitled to determine the weight, meaning, and credibility to give his respective responses and statements and to reconcile any possible conflicts therein.

Id. at 444, 552 S.E.2d at 375.

---

[1] Employer does not contest the commission's rejection of the opinions of Drs. Michael L. Hess and Stuart F. Seides on the same grounds.

Similarly, in claimant's case, Dr. Nygaard's statements were arguably in conflict. In a 1995 letter, Dr. Nygaard stated that "stress related to [claimant's] work situation [was] . . . a secondary cause" of his heart disease. However, in a subsequent deposition, Dr. Nygaard testified, "I would have to say that it is not known that job stress has any relation to development of coronary artery disease. . . . Period." He also said that he was "not aware that being a law enforcement officer causes coronary heart disease," testified that he was able "to exclude [claimant's] employment as a cause of his heart disease," and implied that he did not need to know what claimant's job duties were in order to do so because "I don't think there is any employment that I know of that I can say caused someone's heart disease." As the commission noted, when Dr. Nygaard was asked whether these statements were inconsistent with his 1995 opinion, Dr. Nygaard "stood by" his earlier opinion, "asserting that in older literature stress 'has been [a secondary risk factor], and it's controversial whether stress and personality type actually has an effect or correlation with coronary artery disease.'"

In light of these arguably conflicting statements, the commission was entitled to conclude Dr. Nygaard's opinion was that no medical evidence establishes that job stress causes or

contributes to the development of heart disease.[2] Thus, credible evidence in the record supported the commission's conclusion, under Medlin I, that Dr. Nygaard's opinion was not probative on the issue of whether claimant's work as a deputy sheriff was a cause of his heart disease.[3]

## C.

### SUFFICIENCY OF EVIDENCE TO REBUT THE PRESUMPTION

Claimant established his entitlement to the Code § 65.2-402 presumption. In order to rebut the presumption, employer was required to "show, by a preponderance of the evidence, both that 1) the claimant's disease was not caused by his employment, and 2) there was a non-work-related cause of the disease." Bass, 258 Va. at 112, 515 S.E.2d at 561-62. The only evidence employer offered to prove the first prong of this test came from Drs. Nygaard, Michael L. Hess and Stuart F. Seides. As discussed above, however, under Medlin I, the commission was

---

[2] Under no construction of the evidence did Dr. Nygaard opine, as employer asserts, that stress can cause or contribute to heart disease but did not cause or contribute to claimant's heart disease. Under the alternate construction of Dr. Nygaard's opinion, the one apparently rejected by the commission, claimant's job stress was a cause of claimant's heart disease, albeit a secondary rather than primary one.

[3] Our holding in Delp v. City of Galax Police, No. 1393-00-3 (Va. Ct. App. Feb. 27, 2001), cited by appellant, does not require a different result. Delp was unpublished and carries no precedential value. See, e.g., Fairfax County Sch. Bd. v. Rose, 29 Va. App. 32, 39 n.3, 509 S.E.2d 525, 528 n.3 (1999) (en banc). Further, Delp is factually and legally distinguishable from claimant's case.

justified in finding that the opinions of these physicians were not probative of the issue because all opined that no scientific link exists between occupational stress and heart disease. Thus, employer was unable to meet its burden of proving prong one of the Bass test, and we need not consider whether the evidence was sufficient to prove the second prong in order to conclude that employer has failed to rebut Code § 65.2-402's presumption that claimant's heart disease is occupational.

## II.

For these reasons, we hold employer's claims are barred in part by the law of the case, as determined in the prior appeal to this Court. Further, we hold credible evidence in the record supports the commission's conclusion that employer failed to rebut the presumption. Thus, we affirm the commission's award of benefits.

<u>Affirmed.</u>