COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Felton
Argued at Richmond, Virginia


FRANK AUSTIN DARBY

                                    MEMORANDUM OPINION* BY
v.    Record No. 2101-02-2       JUDGE WALTER S. FELTON, JR.
                                         JUNE 24, 2003
ALLEN W. HARVEY, T/A IVY HILL FARM,
 IVY HILL DEVELOPMENT COMPANY, INC., AND
 UNINSURED EMPLOYER'S FUND


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Robert L. Flax (Flax and Stout, on briefs),
              for appellant.

              Linda D. Frith (E. Albion Armfield; Frith,
              Anderson and Peake, P.C., on brief), for
              appellees Allen W. Harvey, t/a Ivy Hill
              Farm, and Ivy Hill Development Company, Inc.

              John J. Beall, Jr., Senior Assistant Attorney
              General (Jerry W. Kilgore, Attorney General,
              on brief), for appellee Uninsured Employer's
              Fund.


     Frank Darby appeals a decision of the Workers' Compensation

Commission denying him benefits for an injury sustained to his

left leg while working at Allen Harvey's private residence.

Darby contends on appeal that the commission erred in

determining that (1) he was an independent contractor; (2) if he

was deemed an employee rather than an independent contractor, he

was an employee of Harvey and not Ivy Hill Development

―――――――――――――――――――――
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Corporation; and (3) Harvey was exempt as an employer from the Workers' Compensation Act.  We affirm the commission's decision.

## I.  BACKGROUND

> On appeal, "[d]ecisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court."  Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991) (citing Code § 65.1-98; McCaskey v. Patrick Henry Hosp., 225 Va. 413, 415, 304 S.E.2d 1, 2 (1983)).  [Footnote omitted.]  "The fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding."  Id. (citing Russell Loungewear v. Gray, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986)).  We view the evidence in the light most favorable to the party prevailing below.  Creedle Sales Co. v. Edmonds, 24 Va. App. 24, 26, 480 S.E.2d 123, 124 (1997).

County of Henrico Police v. Medlin, 37 Va. App. 756, 759-60, 561 S.E.2d 60, 61 (2002).

## A.  THE INJURIES

On December 17, 1998, Frank Darby broke the fibula and tibia in his left leg when it was caught between the wheel and the fender of the tractor he was using to scrape Allen Harvey's driveway.  Harvey owned the tractor.  Darby underwent several surgical procedures as a result of his injury.  His medical records reflect that his work related and non-work related injuries rendered him disabled to work.

-

## B. EVIDENCE REGARDING EMPLOYMENT STATUS

In 1995 or early 1996, Harvey engaged Darby to perform maintenance and other odd jobs at his home in Forest, Virginia, as well as at his Smith Mountain Lake home.[1]  Occasionally Darby performed similar work at Harvey's real estate office, Ivy Hill Realty Company, Inc.

According to Darby, the business relationship began when he approached Harvey about obtaining firewood from fallen trees located on Harvey's property.  Darby gave Harvey a "Darby Brother's Cleaning Service" business card that referred to lawn care and piecework.  Harvey subsequently asked Darby if he could help him if he was needed.  Darby began upkeep of Harvey's residences and occasionally the property of the real estate office.[2]

According to Darby, "whenever [Harvey] wanted me to do something, he would always meet me out when I first go to work in the mornings, he'd meet me out there and tell me what he wanted me to do first . . . ."  Darby's duties included raking leaves, mowing, cleaning gullies and ditches, and occasionally assisting the maintenance crew at the golf course owned by

---

[1] Approximately eighty-five to ninety percent of the work performed by Darby was at Harvey's residence.

[2] In 1997, Harvey intermittently used another landscaping company to assist in the maintenance of the properties.

-

Harvey.[3]  Occasionally he was asked to clean inside the office of Ivy Realty Company.  Darby indicated that he used Harvey's lawn care tools, mowers, truck and tractors.  However, Darby also supplied and used his own tools such as power saws, a bush hog, hoes, rakes, shovels, and his truck.

Although Darby was informed of the tasks that needed to be completed, he acknowledged that it was left up to him to decide how the tasks would be accomplished.  Harvey did not supervise Darby's work.  However, on occasion he would work with Darby.  At the deputy commissioner's hearing, Darby testified that he set his own schedule, hours, and kept his own time records.  Furthermore, if he had something else to do, he might decide not to work that day.  Darby also did work for others.  He provided lawn care for others and cleaning services for multiple businesses.  In addition, up until 1997, Darby was employed by Richmond Security Corporation.

Ivy Hill Development Corporation was a "shell corporation."  According to Harvey, the corporation never took any tax deductions.  It never conducted any trade or business, never had an office, never had a payroll, never had income or losses necessitating the payment of taxes, and had four unpaid board members.  The only source of funds for the Ivy Hill Development Corporation was from Harvey's personal assets.  He used the

---

[3] Harvey sold the golf course in May 1996.

-

funds in the corporation's checking account to pay personal expenses.

One of those personal expenses included payment to Darby for services rendered. Darby was paid seven dollars per hour and paid by check from the account of Ivy Hill Development Corporation. The check stubs contained Harvey's handwritten notations reflecting that payment was for "labor, fuel, and equipment" and occasionally for "labor, equipment, and supplies."

On his 1995 and 1996 federal income tax forms, Darby indicated that he was self-employed. In 1998, Darby received from Harvey a federal 1099 form (non-employee compensation).

## C.   PROCEDURAL HISTORY

At two hearings, on June 14, 2000 and May 9, 2001, Deputy Commissioner Herring heard evidence in this case. On November 26, 2001, he issued an opinion that found Darby was an employee of Ivy Hill Development Corporation and not an independent contractor. Furthermore, Deputy Commissioner Herring found that Darby had suffered a compensable injury and was disabled. Darby was awarded workers' compensation benefits.

Harvey and the Uninsured Employer's Fund appealed the decision to the full commission. On July 19, 2002, the commission reversed the deputy commissioner's findings. It determined that Darby was an independent contractor and not an employee. Additionally, the commission found that if Darby were

-

considered an employee, he was an employee of Harvey and not Ivy Hill Development Corporation.  Harvey did not possess the requisite number of employees, three, to fall within the purview of the Workers' Compensation Act.  See Code § 65.2-101.  Therefore, Darby was not entitled to an award of benefits.  Darby appeals the commission's decision.

## II.  ANALYSIS

We first consider whether the commission erred in determining that Darby was an independent contractor.  What constitutes an employee or independent contractor is a question of law, but whether the facts bring a person within the law's designation is usually a question of fact.  See Stonega Coke & Coal Co. v. Sutherland, 136 Va. 489, 494, 118 S.E. 133, 134 (1923).  On appeal, legal questions are subject to de novo review.  However, we must give deference to any factual finding made by the commission.  See Code § 65.2-706(A); Stenrich Group v. Jemmott, 251 Va. 186, 192, 467 S.E.2d 795, 798 (1996); Sinclair v. Shelter Const. Corp., 23 Va. App. 154, 156-57, 474 S.E.2d 856, 857-58 (1996).

> Whether the existing status is that of an employee or that of an independent contractor is governed, not by any express provision of the workmen's compensation law, but by the common-law.  Crowder v. Haymaker, 164 Va. 77, 79, 178 S.E. 803.  No hard and fast rule can be laid down for ascertaining whether the status is one or the other.  It must be determined from the facts of the particular case in the light of well settled principles.

-

Hann v. Times-Dispatch Publ'g. Co., 166 Va. 102, 105-06, 184 S.E. 183, 184 (1936). "Independent contractors or subcontractors are 'not countable as employees within the meaning of the Workmen's Compensation Act . . . . [T]he Act applies to the contractual relationship of master and servant.'" Richmond Newspapers, Inc. v. Gill, 224 Va. 92, 97, 294 S.E.2d 840, 843 (1982) (quoting Stover v. Ratliff, 221 Va. 509, 511, 272 S.E.2d 40, 42 (1980)).

> As a general rule, a person is an employee if he works for wages or a salary and the person who hires him reserves the power to fire him and the power to exercise control over the work to be performed. The power of control is the most significant indicium of the employment relationship; other factors merely help to elucidate the manner and degree of control.
>
> But an employer-employee relationship exists only if the control reserved includes the power to control, not only the result to be accomplished, but also the means and methods by which the result is to be accomplished.
>
> "If under the contract the party for whom the work is being done may prescribe not only what the result shall be, but also direct the means and methods by which the other shall do the work, the former is an employer, and the latter an employee. But if the former may specify the result only, and the latter may adopt such means and methods as he chooses to accomplish that result, then the latter is not an employee, but an independent contractor. So the master test is the right to control the work . . . ."

Gill, 224 Va. at 98, 294 S.E.2d at 843 (quoting Craig v. Doyle, 179 Va. 526, 531, 19 S.E.2d 675, 677 (1942)).

-

In the instant case, there is credible evidence supporting the commission's finding that Darby was an independent contractor and not an employee. Darby began performing maintenance and other odd jobs for Harvey in 1995 or early 1996. When Darby initially approached Harvey about obtaining work, he provided a "Darby Brother's Cleaning Service" business card that referred to lawn care and piecework. For taxable years 1995 and 1996, Darby indicated that he was self-employed.

At the hearing before Deputy Commssioner Herring, Darby testified that Harvey gave him general instructions about performing yard maintenance and other odd jobs. However, he acknowledged that it was up to him to decide how the tasks would be accomplished. Harvey did not supervise Darby's work. According to Darby, Harvey would inform him of what needed to be done and might not see him for extended periods of time thereafter.

Darby further testified that he set his own schedule, hours, and kept his own time records. He was permitted to do work for others if he so desired, and he advised Harvey whether or not he would be working. When performing his work, he not only used tools provided by Harvey, but he also used many of his own tools to complete his tasks.

Based on these facts, it is apparent that Harvey specified the result only and Darby maintained the right to control the work. See Gill, 224 Va. at 98, 294 S.E.2d at 843. There was

-

credible evidence to support the commission's finding that Darby was an independent contractor, not an employee.  Since Darby was an independent contractor, and therefore not within the scope of the Workers' Compensation Act, we need not consider the other issues on appeal.  The decision of the commission is affirmed.

<u>Affirmed.</u>