COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Bumgardner and Frank
Argued at Salem, Virginia


JAMES DOUGLAS GARDNER

                                                    MEMORANDUM OPINION* BY
v.         Record No. 0468-04-3                     JUDGE ROBERT P. FRANK
                                                    JANUARY 11, 2005
SHEILA JEANES GARDNER


                FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                          Charles B. Flannagan, II, Judge

          Michael A. Bragg (Bragg Law, PLC, on briefs), for appellant.

          Ralph M. Dillow, Jr. (Dillow & Esposito, on brief), for appellee.


          James Douglas Gardner, appellant/husband, appeals the trial court's equitable distribution

award contending the trial court erred in (1) making an award to appellee/wife; (2) the valuation

of his medical practice; (3) finding his pension from his medical practice was marital property;

and (4) considering the accounts receivable from the medical practice separate from the

valuation of the practice.  For the reasons stated, we affirm in part and reverse in part.

                                        BACKGROUND

          The parties were married on August 12, 1989 and separated on June 26, 1994.  Husband

practiced medicine in Abingdon, Virginia through a professional corporation, Abingdon

Pediatrics, P.C.  Abingdon Pediatrics received articles of incorporation in 1992, with husband

being the sole stockholder.  He ceased practicing medicine with Abingdon Pediatrics in

November 1996, but the corporation remained chartered although it had ceased seeing patients.

---

          * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The corporation had income for part of 1992, all of 1993, and part of 1994 when the parties separated.

Appellant presented the testimony of Robert N. Pulliam, C.P.A., A.B.V., who is accredited in business valuation. He has valued 200 to 250 businesses, of which 25 to 50 were professional practices. Pulliam valued the corporation at $27,000 using a net asset value analysis. He took the assets, cash, value of equipment and accounts receivable and subtracted the liabilities of the corporation. Pulliam rejected an excess earnings analysis, which is "based on how much income is generated over and above a fair return on assets." The "excess" return is used in determining the goodwill portion of a practice's value. Pulliam concluded there were "no excess earnings with which to capitalize and therefore implies that there was no goodwill within the practice." He concluded the practice had no value under this method of valuation.

Pulliam also addressed the "direct market data method," arriving at a value of $13,000. This approach "values practices based on what similar types of practices have sold for in the market." Pulliam opined that, based on this practice's "high overhead, low compensation, doctor turnover, longer than normal hours," the value of the practice should be twenty five percent of the annualized revenues, less debt.

Husband had employed Thomas H. Hicok,[1] a C.P.A., to estimate the fair market value of the practice as of December 31, 1994, for the purpose of a possible sale. Using the Capitalization of Excess Earnings Method and the I.R.S. Formula Method, Hicok opined the fair market value to be $195,016, excluding "trade accounts receivable and [a] note payable [to] NationsBank." Hicok found there were excess earnings and "going concern value" and set a fair market value of $159,152 under the capitalization of excess earnings method. Under the I.R.S.

---

[1] Hicok did not testify, but his report was introduced without objection. Appellant now argues the trial court should have rejected the report.

formula method, he found a greater goodwill value of excess earnings and arrived at a fair market value of $230,879.

Pulliam testified that Hicok's valuation was incorrect in that it was simply a "negotiating tool" and that it contained many accounting errors. For reasons stated in this opinion, we will not detail these issues.

The trial court issued a letter opinion dated January 23, 2003, in which the court assigned values to a number of assets, including $125,000 for the practice and $33,784 for the pension. The trial court found each of these assets was marital property.

The trial court awarded wife a monetary sum of $30,000. In the letter opinion, the court concluded: "upon consideration of the evidence presented and the factors set forth in § 20-107.3 et seq. of the Code of Virginia, I conclude as follows:

> In making this award, I have specifically considered the testimony relative to the valuations of Abingdon Pediatrics, the accounts receivable, the corporate debt to Highlands Union Bank, the advancement of $20,000.00 to Sheila Gardner, and the testimony that Dr. Gardner reimbursed Abingdon Pediatrics the sum of $50,000.00 in December, 1994. This award includes any interest Mrs. Gardner may have in the proceeds from the sale of the marital home and Dr. Gardner may direct that any escrowed funds be used in satisfaction of this award.

## ANALYSIS

### I. VALUATION OF MEDICAL PRACTICE

Husband contends the trial court erred in awarding wife $30,000 because the award was based upon an erroneous valuation of the medical practice. He also challenges the award because the trial court considered the practice's accounts receivable in arriving at the award. Husband contends the accounts receivable is a component in the valuation of the practice and should not again be considered in the monetary award. Essentially, he argues those receivables were "double counted."

We first address the valuation of the practice. Mr. Pulliam valued the practice at $27,000. Mr. Hicok determined the value to be $195,016. The trial court determined the value to be $125,000, within the parameters of the conflicting testimony of the experts.

Much of husband's valuation argument addresses the credibility of Hicok and the weight to be afforded that testimony. "Conflicting expert opinions constitute a question of fact." Frazer v. Frazer, 23 Va. App. 358, 366, 477 S.E.2d 290, 293 (1996) (quoting McCaskey v. Patrick Henry Hospital, 225 Va. 413, 415, 304 S.E.2d 1, 5 (1983)). The trial court's "province alone, as the finder of fact, [is] to assess the credibility of the witnesses and the probative value to be given their testimony." Richardson v. Richardson, 242 Va. 242, 246, 409 S.E.2d 148, 151 (1991). Additionally, the trial court, as fact finder, "'has a right to weigh the testimony of all the witnesses, experts and otherwise.'" Bell Atlantic Network Servs. v. Virginia Employment Comm'n, 16 Va. App. 741, 746, 433 S.E.2d 30, 33 (1993) (quoting Pepsi-Cola Bottling Co. v. McCullers, 189 Va. 89, 99, 52 S.E.2d 257, 261 (1949)). In determining the value of marital property, "'the fact finder is not required to accept as conclusive the opinion of an expert.'" Stratton v. Stratton, 16 Va. App. 878, 883, 433 S.E.2d 920, 923 (1993) (quoting Lassen v. Lassen, 8 Va. App. 502, 507, 383 S.E.2d 471, 474 (1989)).

Pulliam valued the practice based on a net asset value analysis, excluding any income-based analysis. Pulliam testified there were no "excess earnings" because "the practice reports losses in every year." He concluded there was no goodwill within the practice. "This makes sense given that the practice was new and did not have an operating history or significant time in existence in order to buildup any goodwill value."

Hicok disagreed. His valuation was premised on "excess earnings," concluding the practice had a goodwill value. We must note that his valuation was the fair market value for the purpose of a possible sale of the practice to a third party.

It is clear that the trial court did not accept either expert's valuation, but did not explain the basis for the $125,000 valuation. Thus, we must examine the record to determine if the evidence supports the court's finding.

Code § 20-107.3(A) directs that the trial court value all property of the parties, but it does not define the term "value" for equitable distribution purposes. See Howell v. Howell, 31 Va. App. 332, 338, 523 S.E.2d 514, 517 (2000) ("The meaning of the term, 'value,' depends on what is being valued, who is interested, and why it is being valued."). In Bosserman v. Bosserman, 9 Va. App. 1, 384 S.E.2d 104 (1989), we defined "value" for equitable distribution purposes. "Trial courts valuing marital property for the purpose of making a monetary award must determine from the evidence that value which represents the property's intrinsic worth to the parties." Id. at 6, 384 S.E.2d at 107.

Because intrinsic value must depend on the facts of the case, we give great weight to the findings of the trial court. Howell, 31 Va. App. at 339, 523 S.E.2d at 517. "We affirm if the evidence supports the findings and if the trial court finds a reasonable evaluation based on proven methodology and on the application of it to the particular facts of the case." Id. (citation omitted). The "value of property is an issue of fact, not of law." Id. at 340, 523 S.E.2d at 518. We will not disturb a trial court's finding of the value of an asset unless the finding is plainly wrong or unsupported by the evidence. Rowe v. Rowe, 24 Va. App. 123, 140, 480 S.E.2d 760, 768 (1997); Traylor v. Traylor, 19 Va. App. 761, 763-64, 454 S.E.2d 744, 746 (1995). Further, absent clear evidence to the contrary in the record, the judgment of a trial court comes to an appellate court with a presumption that the law was correctly applied to the facts. Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977).

In Bosserman we noted that "valuation based upon the corporation's net assets has gained wide acceptance in cases where the corporation is a real estate holding company . . . ."

Bosserman, 9 Va. App. at 8, 384 S.E.2d at 109. Bosserman further opined, "[g]enerally, greater weight will be given to earnings factors for those companies that sell products or services . . . ." Id. at 9, 384 S.E.2d at 109. Here, the medical practice provides services and is not a real estate holding company. We cannot say, as a matter of law, that the trial court erred in rejecting a "net asset" valuation.

Equally, we cannot say that the trial court erred in not accepting Hicok's valuation. That evaluation was performed to determine fair market value for a potential sale. More importantly, Hicok's excess earnings approach ignored the fact that the practice had not been paying rent to husband's father. According to Pulliam, this debt was not reflected in the financial statements of the practice. The unpaid rent was $65,000. Pulliam further testified Hicok did not adjust the earnings to reflect the debt.

In Traylor, we upheld the trial court's valuation which was an amount between the high and low of experts' conflicting testimony of gross value. A trial judge may select a value within the range of conflicting expert opinions. In Zipf v. Zipf, 8 Va. App. 387, 395, 382 S.E.2d 263, 268 (1989), we concluded:

> The trial judge did not adopt the thirty percent discount for lack of marketability but did apply the seventeen percent discount from the formula price in arriving at the dollar value of the shares subject to equitable distribution. We conclude that in choosing a figure somewhere between the ceiling price of $800,000 and the lowest estimate provided by the husband's expert of $423,500 the trial judge appropriately balanced the risks and probabilities accompanying such a potential transaction.

Once the trial court determines valuation, the decision whether to make a monetary award and the amount of the award is governed by the rights and equities of the parties and the factors designated in Code § 20-107.3(E). Artis v. Artis, 4 Va. App. 132, 136, 354 S.E.2d 812, 814 (1987). The award will not be disturbed on appeal unless plainly wrong or without evidence to support it. Frye v. Spotte, 4 Va. App. 530, 537, 359 S.E.2d 315, 319-20 (1987).

- 6 -

Here, the trial court had credible evidence of value to support its valuation of $125,000. That amount was within the range of values expressed by conflicting expert testimony.

## II.  PENSION

The trial court included appellant's pension as marital property at a value of $33,784. The corporation established and funded a 401(K) pension plan in September of 1995. The parties separated on June 26, 1994.

Appellant received a total of $33,784 in 1996 as a refund of the retirement account established in 1995, after the parties' separation.  Appellant contends the trial court erred in classifying the $33,784 as marital property.  At oral argument, appellee conceded the trial court erred, but contended the error is harmless.

Our determination of whether the error is harmless is guided by familiar principles. Non-constitutional error "is harmless '[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'"  Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (*en banc*) (quoting Code § 8.01-678) (emphasis added in Lavinder).  To determine whether an error is harmless, the Court "must review the record and the evidence and evaluate the effect the error may have had on how the finder of fact resolved the contested issues."  Id. at 1007, 407 S.E.2d at 912.

The pension comprised nearly ten percent of the marital assets as determined by the trial court.  Applying the standard articulated in Lavinder, we cannot say that including this item in the division of marital property did not affect the trial court's determination of the marital award. We remand to the trial court for a redetermination of the equitable distribution award consistent with this opinion.

### III.  ACCOUNTS RECEIVABLE

Finally, appellant maintains the trial court erred in considering the corporation's accounts receivable as marital property when the same amount was factored in the valuation of the practice.  In awarding a monetary sum of $30,000, the trial court specifically considered a number of factors, including accounts receivable.  However, the trial court did not list the accounts receivable as marital property on the "Distribution of Property" exhibit attached to the January 23, 2003 letter opinion.  Appellee concedes the trial court erred, but contends the error is harmless.

For the reasons stated above, we conclude the error was not harmless, particularly since the accounts receivable constituted thirty-one percent of the marital estate.  From the record, we cannot determine the impact of the misclassification on the equitable distribution award.  We remand to the trial court for a redetermination of the equitable distribution award consistent with this opinion.

### IV.  DEFAULTED ISSUES

Appellant raises two additional issues that are defaulted and will not be addressed. Appellant contends the trial court failed to consider each statutory factor under Code § 20-107.3(E).  In its letter opinion, the trial court noted that it considered "the evidence presented and the factors set forth in Code § 20-107.3 . . . ."  However, this issue was not one of the issues presented to the Court for review.  Thus, under Rule 5A:20(c), we decline to consider this issue.  See Clements v. Riverside Walter Reed Hosp., 40 Va. App. 214, 228 n.9, 578 S.E.2d 814, 820 n.9 (2003).

Appellant argues the trial court erred in classifying a distribution of $65,000 made by the practice to appellant as marital property.  Again, this issue was not among the questions

presented.  Further, in support of his position, appellant simply made a conclusionary statement that this classification was error.  He cites no cases, and makes no argument.

Rule 5A:20 requires appellants to brief the "principles of law, the argument, and the authorities relating to each question presented."  Questions "unsupported by argument, authority, or citations to the record do not merit appellate consideration."  <u>Buchanan v. Buchanan</u>, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

CONCLUSION

For the foregoing reasons, we find the trial court did not err in valuing Abingdon Pediatrics.  The trial court erred in classifying the pension as marital property and in considering the value of the accounts receivable in determining the marital award.  We remand to the trial court for a redetermination of the equitable distribution award consistent with this opinion.

<u>Affirmed, in part,</u><br><u>reversed, in part</u><br><u>and remanded.</u>