COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Haley


DAVID F. MASON AND
 VIRGINIA FARM BUREAU FIRE AND
 CASUALTY INSURANCE COMPANY

                                                    MEMORANDUM OPINION[*]
v.        Record No. 0156-06-1                      PER CURIAM
                                                    MAY 30, 2006

LAFAYETTE FINNEY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Ralph L. Whitt, Jr.; Jennifer C. Williamson; Whitt & Associates, on
            briefs), for appellants.

            (Allan D. Zaleski; Weisberg & Zaleski, P.C., on brief), for appellee.


        David F. Mason and Virginia Farm Bureau Fire and Casualty Insurance Company

(hereinafter referred to as "employer") appeal a decision of the Workers' Compensation

Commission finding that employer failed to sustain its burden of proving that Lafayette Finney's

(claimant) claim for benefits was barred by willful misconduct pursuant to Code § 65.2-306.

Employer contends:  (1) this Court erred as a matter of law in its July 13, 2004 opinion by

remanding the claim to the full commission based on this Court's finding that the commission

failed to make a specific finding that claimant intentionally determined to disobey the stop sign;

(2) the commission erred as a matter of law by failing to consider the "arising out of" issue in its

December 19, 2005 opinion, and abused its discretion by denying employer's Petition for

Reconsideration to consider the "arising out of" issue; and (3) no credible evidence existed to

support the commission's finding that claimant's injury by accident arose out of his employment

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

in light of the commission's finding in its December 19, 2005 opinion that "the evidence is in equipoise."

First, we hold the law of the case doctrine precludes our consideration of Issue (I) in this appeal. "The law of the case doctrine provides that '[w]here there have been two appeals in the same case, between the same parties, and the facts are the same, nothing decided in the first appeal can be re-examined on a second appeal.'" County of Henrico Police v. Medlin, 37 Va. App. 756, 763, 561 S.E.2d 60, 63 (2002) (quoting Uninsured Employer's Fund v. Thrush, 255 Va. 14, 18, 496 S.E.2d 57, 58-59 (1998)). In the previous appeal of this matter, this Court concluded that "the commission failed to distinguish whether [claimant] willfully determined to disobey the stop sign or whether he negligently or carelessly failed to obey the stop sign" and reversed and remanded the matter to the commission "for it to determine from the evidence whether [claimant's] failure to stop at the stop sign was willful and that it enter its award as may be appropriate." We are not at liberty to revisit that finding in this subsequent appeal.[1]

With respect to the remaining issues raised by employer, we have reviewed the record and the commission's opinion and find that this appeal is without merit. Accordingly, we affirm for the reasons stated by the commission in its final opinion, see Finney v. Mason, VWC File No. 210-04-75 (Dec. 19, 2005), and in its January 17, 2006 order denying employer's motion for reconsideration. We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.

Affirmed.

---

[1] We note that this Court refused employer's petition for rehearing in the first appeal, and the parties did not seek further appeal to the Virginia Supreme Court at that time.