COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Frank,* Petty and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


TORREY LAVELL WASHINGTON

                                                    MEMORANDUM OPINION** BY
v.        Record No. 1545-13-1                      JUDGE ROBERT P. FRANK
                                                    FEBRUARY 3, 2015

COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                          Leslie L. Lilley, Judge

         Eric P. Korslund (Korslund & Korslund, P.C., on brief), for
         appellant.

         Katherine Quinlan Adelfio, Assistant Attorney General (Mark R.
         Herring, Attorney General, on brief), for appellee.


     Torrey Lavell Washington, appellant, was convicted, in a bench trial of two counts of

abduction, in violation of Code § 18.2-47; armed statutory burglary, in violation of Code § 18.2-90;

robbery of a residence with a gun, in violation of Code § 18.2-58; conspiracy to commit robbery, in

violation of Code § 18.2-22; and three counts of use of a firearm in the commission of a felony, in

violation of Code § 18.2-53.1.  On appeal, appellant contends the trial court erred in finding the

evidence sufficient to convict him, because the evidence did not prove the fingerprint found on the

victims' apartment door belonged to him.  For the reasons stated, we affirm.

---

     * Judge Frank participated in the hearing and decision of this case prior to the effective
date of his retirement on December 31, 2014.

     ** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On October 2, 2013, M.P. and S.P. lived in an apartment complex in Virginia Beach with their young daughters. Sometime after 10:30 p.m., two men wearing dark clothes entered the apartment through the front door, shouting "Police." The two perpetrators demanded money and drugs. S.P. testified the gunman was wearing gloves.

Throughout the entire robbery, the second perpetrator stood in front of the kicked-in front door. S.P. testified the second perpetrator appeared to be holding the door shut; specifically, "his hands were on the door kind of holding it" with his hand. The second perpetrator wore a hooded sweatshirt pulled tight around his face. Neither M.P. nor S.P. was able to see his face. In court, neither victim could identify appellant as the perpetrator.

Police dusted the apartment for fingerprints. The only print that matched appellant was on the exterior of the front door. Channing Mayer, a forensic specialist for the Virginia Beach Police Department, testified that fingerprint evidence is "very delicate" and can be degraded by environmental conditions such as heat, wind, and rain.

Bonnie East, of the Virginia Beach Police Department, was qualified as an expert in latent fingerprint examination. She testified that the fingerprint found on the exterior of the apartment's front door matched the left ring finger of appellant.

East's identification of appellant's prints was verified by David Totten, a more senior forensic specialist for the Virginia Beach Police Department. He testified that the latent fingerprint found at the crime scene was appellant's. Richard G. Christopher testified on behalf of appellant and was qualified as an expert in fingerprint comparison. He testified that the latent fingerprint found at the crime scene was not appellant's.

This appeal follows.

ANALYSIS

Appellant's assignment of error states, in its entirety: "The trial court erred as a matter of law when it denied the defendant's renewed motion to strike due to insufficient evidence that the defendant's fingerprint was found on the outside of the front door." However, on brief, appellant's argument raises two issues: 1) that the print found on the exterior door does not belong to appellant, and 2) that the Commonwealth did not exclude the reasonable hypothesis that his fingerprint could have been left on the door at a time other than during the commission of the crime.

Under Rules 5A:12(c)(1) and 5A:20(c), appellant must identify the specific error committed by the trial court. The purpose of assignments of error is to point out the errors with reasonable certainty in order to direct this Court and opposing counsel to the points on which the appellant intends to ask a reversal of the judgment, and to limit discussion to these points. Therefore, appellant's counsel has a duty "to 'lay his finger on the error' in his [assignment of error]," Carroll v. Commonwealth, 280 Va. 641, 649, 701 S.E.2d 414, 418 (2010) (quoting First Nat'l Bank of Richmond v. William R. Trigg Co., 106 Va. 327, 342, 56 S.E. 158, 163 (1907)), and not to invite the appellate court "to delve into the record and winnow the chaff from the wheat," Loughran v. Kincheloe, 160 Va. 292, 298, 168 S.E. 362, 364 (1933).

It is important to note the Supreme Court of Virginia's holdings in Findlay v. Commonwealth, 287 Va. 111, 752 S.E.2d 868 (2014), and Commonwealth v. Herring, ___Va. ___, 758 S.E.2d 225 (2014). In both of these cases, the issue was whether the language of the assignment of error was sufficient under Rule 5A:12(c)(1)(ii) to withstand a dismissal of the appeal. Here, however, the issue is not whether appellant's assignment of error "address[ed] the findings or rulings in the trial court," Rule 5A:12(c)(1)(ii), but whether the assignment of error encompassed appellant's argument on brief.

Rules 5A:12(c)(1) and 5A:20(c) require us to find that appellant's argument regarding a reasonable hypothesis of innocence issue is waived, because it is not part of his assignment of error.[1] See Winston v. Commonwealth, 51 Va. App. 74, 82 n.4, 654 S.E.2d 340, 345 n.4 (2007) (holding that because an appellant did not include an argument in his questions presented (now assignments of error), the Court would not address it on appeal); see also Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (declining to consider an issue on appeal because it was not expressly stated in the questions presented (now assignments of error)). The only issue raised by appellant's assignment of error is whether appellant's fingerprint was on the apartment door. This is a sufficiency argument.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). When the sufficiency of the evidence is challenged on appeal, "it is our duty to look to that evidence which tends to support the verdict and to permit the verdict to stand unless plainly wrong." Snyder v. Commonwealth, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961). Evaluation of witness credibility and "the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

Bonnie East, a forensic specialist with the Virginia Beach Police Department, qualified as an expert in latent fingerprint examination. She testified that the fingerprint in question matched appellant's left ring finger. She indicated she was one hundred percent certain of her identification, comparing the fingerprint on the apartment door with two fingerprint cards from Norfolk and

---

[1] Prior to oral argument, we asked counsel to be prepared to argue whether the assignment of error encompassed appellant's argument that a single fingerprint on the front door is sufficient to convict. At oral argument, counsel did argue that issue.

Virginia Beach. Her identification was corroborated by David Totten, another latent fingerprint expert from the Virginia Beach Police Department.

Conversely, appellant's expert, Richard G. Christopher, testified the two fingerprint cards from Norfolk and Virginia Beach did not belong to the same individual. He further opined that the latent fingerprint found on the apartment door did not match either of the fingerprints found on the Norfolk and Virginia Beach cards.

Without doubt, there was a conflict in the testimony of the expert witnesses. Conflicting expert opinions provide a question of fact for the jury to evaluate. McCaskey v. Patrick Henry Hosp., 225 Va. 413, 415, 304 S.E.2d 1, 5 (1983). "'The [jury's] province alone, as the finder of fact, [is] to assess the credibility of the witnesses and the probative value to be given their testimony.' Richardson v. Richardson, 242 Va. 242, 246, 409 S.E.2d 148, 151 (1991). "'[T]he finder of fact is not required to accept as conclusive the opinion of [any] expert.'" Stratton v. Stratton, 16 Va. App. 878, 883, 433 S.E.2d 920, 923 (1993) (quoting Lassen v. Lassen, 8 Va. App. 502, 507, 383 S.E.2d 471, 474 (1989))." Frazer v. Frazer, 23 Va. App. 358, 366, 477 S.E.2d 290, 293-94 (1996).

The trial judge properly denied appellant's motion to strike and sent the case to the jury to determine credibility. The factfinder in this case was presented with a classic "'battle of the experts' and was entitled to judge 'the weight and credibility to be given their testimony.'" Hoebelheinrich v. Hoebelheinrich, 43 Va. App. 543, 552-53, 600 S.E.2d 152, 156 (2004) (quoting Bd. of Supervisors v. HCA Health Servs. of Virginia, Inc., 260 Va. 317, 332, 535 S.E.2d 163, 171 (2000)). The jury rejected appellant's expert's testimony and gave more weight to the expert testimony of East and Totten, the Commonwealth's experts. Nothing in the record indicates that the jury's decision was plainly wrong. Thus, there was testimony to support the

jury's determination of guilt.  We conclude the evidence was sufficient to prove appellant's print was on the door.

## CONCLUSION

There was no error in the trial court's denial of appellant's motion to strike, as the sufficiency of the evidence was a question for the jury.  The jury properly weighed the conflicting evidence and made a factual determination of expert credibility.  We therefore affirm appellant's convictions.

<u>Affirmed.</u>